## Newkirk, et al. v. Ingels.

(Decided January 30, 1923.)

### Appeal from Fayette Circuit Court.

Judgment—Persons Concluded—Parties—Contingent Remaindermen.—A testator devised his farm to his wife for life, and then to his children for life, with remainder "to such child or children as he or they may leave living at the time of his or her death." In a suit to settle the estate, to which the testator's widow and daughter were parties, but the living children and one of the daughters were not parties, the land was sold: Held, that the daughter's children, being contingent remaindermen, were not necessary parties, but were represented by the life tenants, and that their title passed by the judgment of sale.

GEORGE C. WEBB for appellants.

ALLEN, BOTTS & DUNCAN and CHESTER D. ADAMS for appellee.

Opinion of the Court by Judge Clay—Affirming.

On October 26, 1896, R. P. Todhunter, a resident of Fayette county, died leaving a will the material parts of which are as follows:

"3rd. In the event of my death before that of my wife, Lydia Clarke Todhunter, I will and bequeath to her for and during her natural life all my estate of every kind and description, real, personal and mixed, and choses in action except the stock hereinbefore devised to my said children which I may own at the time of my death.

"4th. The whole of my estate of every kind and description after the termination of the life estate of my said wife I give and bequeath to my four children, Susan W. Wagner, Lydia C., James C., and Jean F. Todhunter, in equal parts for and during the natural life of each free from the control and marital rights of the husband of said Susan W. and the control and marital rights of any husband whom any of my said daughters may hereafter have with the share of each of my said children in remainder to such child or children as he or they may leave living at the time of his or her death. And in the event of any of my said children dying without leaving lawful issue of his or her body living at the time of his or her death, the property so devised to the one so dying is to go and pass to my surviving children to be held and owned by them as the other property directly devised to them."

In the month of March, 1897, Lydia Clarke Todhunter, the testator's wife, who had qualified as his executrix, brought suit to settle the estate. The widow and the four children of the testator were made parties defendant, as were also William Pettit and other creditors. At that time the testator's daughter, Mrs. Wagner, had four children, Robert T., James C., Louis C., and Catherine Wagner, who were not made parties either by plaintiff in that action or William Pettit, who filed an answer and cross petition asserting a vendor's lien on the 342 acres of land owned by testator. A judgment was entered directing the sale of the 342 acres, and William Pettit became the purchaser. Thereafter the farm was subdivided, and the title to a tract of about 39 acres passed to Leslie B. Ingels.

Ingels sold his tract to C. E. Newkirk, who refused to comply with the contract, which was in writing. Thereupon Ingels sued for specific performance, and Newkirk defended on the ground that the title of the four children

of Mrs. Wagner did not pass by the judgment of sale in the action to settle R. P. Todhunter's estate. During the progress of the action the widow and four children of Mrs. Wagner were made parties and asserted an interest in the land. The court adjudged that they had no interest in the land and decreed specific performance. Newkirk and the chidren of Mrs. Wagner appeal.

The only question is whether the Wagner children are bound by the judgment. As they were to take only in the event that they survived their mother, it is conceded that they were contingent remaindermen. It is further conceded that in some instances unknown contingent remaindermen may be bound by the judgment when represented by others who take the first estate of inheritance, but insisted that the theory of virtual representation does not apply where the contingent remaindermen are in being, and only those who have a life estate are parties to the action. Hence it is argued that as the testator's children took only a life estate, and they were the only parties before the court representing the estate, the interest of the Wagner children, who were known and in being, did not pass by the judgment. The precise question was decided in Whallen v. Kellner, 104 S. W. 1018. There, Joseph Swager devised certain lands to a trustee for the use of his children during their lives, with remainder to such of their children or descendants of the deceased children as might be living at the death of the life tenant. The nominated trustee refused to qualify. In a suit in equity brought by the administrator with the will annexed against the testator's children, the court appointed a trustee to execute the trust. The trustee then sold and conveyed the land as he was empowered to do. The conveyance was attacked on the ground that certain grandchildren of the testator who were contingent remaindermen, and who were then living, were not made parties to the suit. In discussing the question the court said:

"Here, if those in being when the action was brought had all died before their parents, leaving descendants living, or other children had been born to their parents subsequent to the suit. who survived the life tenants or left issue surviving, the result would not have been at all different, so far as having before the court the real parties in interest. It is sufficient in such cases if there is before the court the life tenants, or those having vested interests, whose duty and interest it would be to defend

the action, if necessary to protect the estate; their interests and the remaindermen's being identical. Such contingent interests must, in such state of case, be represented by the life tenant, or tenant of the estate in possession, who is deemed the representative in estate of those contingently entitled whether born or not, as otherwise it would be impossible to ever bring them all before the court during the existence of the life estates. So long as the life tenant lived it could not be ascertained with any legal certainty who would be the one entitled to take at the period of distribution. If, therefore, no valid appointment of a trustee could be made unless every contingent remainderman were before the court, the trust might fail for lack of a trustee, which equity will not permit. It would be a sacrificing of the substance for the form. We hold that the trustee was duly appointed in an action in which all proper parties were before the court; that he had vested in him all the powers which under the will the nominated trustee had (Price v. Swager's Trustee, 4 S. W. 34, 9 Ky. L. Rep. 89); and this his conveyance, made pursuant to the power conferred by the will, divested the devisees, ascertained and contingent, of the title to the land (Herman v. Parsons, 117 Ky. 239, 78 S. W. 125; Kendall v. Crawford, 77 S. W. 364, 25 Ky. L. Rep. 1224.)''

It is true that the foregoing case is not in accord with the weight of authority, but we are not disposed to overrule it in a case where the contingent remaindermen took subject to a vendor's lien, and the land did not bring enough to discharge the lien, and the title thereto has subsequently passed to numerous innocent purchasers who may have acquired title on the faith of the rule as announced in that case. It follows that appellants have no interest in the land, and that specific performance was properly decreed.

Judgment affirmed.