## Lowe v. Taylor, et al.

(Decided February 7, 1928.)

### Appeal from Pike Circuit Court.

1. Limitation of Actions.—During infancy, grantee is not within terms of statute limiting time within which a petition to reform a deed as recorded may be filed.

2. Limitation of Actions.—Plea of statute limiting time for filing petition to have deed as recorded corrected is personal, and if the party in whose favor it exists does not rely on it, it cannot be invoked by a third party.

3. Judgment.—In suit by life tenant against grantors to reform deed on ground that fee was intended to be conveyed, court held without jurisdiction to reform deed to prejudice of unborn remaindermen, not virtually represented by some one having identity of interest.

STRATTON & STEPHENSON for appellant.

W. B. TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

On March 14, 1913, W. B. Taylor and his wife, Harriett Taylor, conveyed a valuable tract of land either to their infant son, Kelsey Taylor, in fee or to Kelsey

Taylor for life with remainder to his bodily heirs. As recorded there were certain restrictive words in the granting and habendum clauses limiting the estate of Kelsey Taylor to a life estate, with the remainder to his bodily heirs. After he became 21 years of age, Kelsey Taylor married, and in the year 1924 brought suit against W. B. Taylor and Harriett Taylor to correct the deed as recorded in the clerk's office. At that time Kelsey Taylor had no children, but his wife was enceinte and since has borne a child, Kelsey Taylor, Jr., who is now over two years of age.

In the petition it is alleged: That it was the intention of the parties to convey a fee to Kelsey Taylor, but that by mistake of the draftsman certain words were used in the deed which limited his estate to a life estate, with remainder to his bodily heirs. That this was discovered before the grantor signed or acknowledged that instrument, and by mutual consent the restrictive words were canceled by running a line through them with a pen, and that after such cancellation of these words the deed conveyed a fee to Kelsey Taylor. It was then executed, acknowledged, and recorded. But that the county clerk, in recording that instrument had failed to observe such cancellation, and had recorded the entire instrument as originally written without reference to the change mentioned, and it thereby purported to convey a life estate only to Kelsey Taylor, with remainder to his bodily heirs; it being further alleged that the clerk who made the record was dead; the prayer being to correct the instrument as recorded. W. B. Taylor and Harriett Taylor answered, admitting the truth of the allegations of the petition. On submission, the court granted the relief sought. After the entry of this judgment Kelsey Taylor his wife and parents executed a title bond to Irvine Lowe for a sale of a portion of the land described in that deed in consideration of $2,600. Lowe paid $2,000, but became dissatisfied with the title, and declined to pay the remaining $600. Kelsey Taylor sued on the bond for this sum. Lowe made his answer a counterclaim, in which he pleaded the above facts, and asked a rescission of the title bond, and a recovery of the $2,000 paid thereon, though he stated his ability and willingness to pay such balance if the court should hold the title good; a copy of the record in the former case being filed with the answer as an exhibit. The court adjudged the title good,

sustained a demurrer to the counterclaim and answer, and rendered judgment for the plaintiff for the amount claimed. Lowe appeals.

It is first argued that more than ten years elapsed after the recordation of the deed before the filing of the petition to reform it, and that such suit would not lie. But, aside from the fact that Kelsey Taylor was an infant during most of this time, and not within the terms of the statute, it will further be observed that the plea of the statute is personal, and, if the party in whose favor it exists does not rely on it, such plea cannot be invoked by a third party.

Kelsey Taylor was given a life estate only under the deed as written. His claim for reformation is based on an alleged error of the draftsman in inserting words of limitation, and upon a purported cancellation of these words before its execution. The draftsman is dead, but the grantors admit that such was the fact, and a court of general jurisdiction has so held. This is a collateral attack upon that judgment, and the case must turn upon the jurisdiction of the court rendering the judgment. It unquestionably had jurisdiction of the subject-matter and all persons in esse having an interest in the estate were made parties to the suit to reform the deed, but, as Kelsey Taylor had no bodily heirs at that time, none of that class was before the court, nor could have been brought before it; hence the validity of the judgment depends upon the court's jurisdiction over these persons. It is not always practicable nor possible to bring all interested persons before the court in an adjudication of a matter, and this difficulty has been overcome in part by the adoption of the doctrine of trial by virtual representation, a good illustration of which is found in section 25 of the Civil Code of Practice providing that one or more persons may sue or defend for the benefit of all of a numerous class on a question involving a general or common interest, if it is impracticable to bring all of the class before the court within a reasonable time.

The same rule has long been applied in litigation over estates (real) where there is a limitation to contingent remaindermen or to persons not in esse. If such suit is brought by or against a stranger to the estate, it is generally held sufficient to bring before the court all persons in being who have vested estates, and whose interest in the subject of the litigation is identical with after-born

and contingent remaindermen, as they will be presumed to act for the protection of the estate, and the judgment thus rendered will bind the latter class. This rule applies to the enforcement of liens against the estate and suits of strangers affecting the title to the estate. Brown v. Ferrell, 83 Ky. 417; Park v. Humpich, 47 S. W. 768, 20 Ky. Law Rep. 879; Newkirk v. Ingels, 197 Ky. 473, 248 S. W. 488; Hermann v. Parsons, 117 Ky. 239, 78 S. W. 125, 25 Ky. Law Rep. 1344; Robinson & Son v. Columbia Finance & Trust Co., 44 S. W. 631, 19 Ky. Law Rep. 1771. And also applies to suits between privies to the estate for sale and reinvestment. Fritsch v. Klausing, 13 S. W. 241, 11 Ky. Law Rep. 788; Walsh v. Parr's Ex'r, 110 S. W. 300, 33 Ky. Law Rep. 242; Goff v. Renick, 156 Ky. 588, 161 S. W. 983; Masonic Widows' & Orphans' Home v. Hieatt Bros., 197 Ky. 301, 247 S. W. 34. It is of general application in will contests, and has been applied to the reformation of deeds under circumstances somewhat similar to those here involved. Thus, in Kendall v. Crawford, 77 S. W. 364, 25 Ky. Law Rep. 1224, in which a lot was conveyed to Isabella Younger and her husband jointly for life, with survivorship clause, and with remainder to the legal heirs of Isabella, the husband and wife joined in a conveyance to a trustee for Isabella's benefit. The husband died, and Isabella married again. She had no children, but adopted an heir at law. At the age of 61 Isabella sued her trustee and this heir to reform the deed on the ground of mistake so as to vest a fee in her. Relief was granted, jurisdiction being sustained on the ground that the adopted child was the heir presumptive. As such his interest was identical with that of his class, making him its virtual representative. In addition, the court laid great emphasis on the fact that Isabella was 61 years of age, and had no living children, intimating that the adopted son was her only heir, a ruling not in line with any of our other opinions.

In Barnes v. Barnes, 15 S. W. 1, 12 Ky. Law Rep. 708, a deed to the son's wife for life, with remainder to the son for life, and remainder to the son's children in fee, was reformed to vest the fee in the first takers on the ground of mistake. However, it does not appear that the son's children were not before the court, and these two cases are clearly based on the principle that the class was before the court in the person of a living representative.

The same principle was applied to the appointment of a trustee for an estate. Whallen v. Kellner, 104 S. W. 1018, 31 Ky. Law Rep. 1285. With the possible exception of the Crawford case, and perhaps the Whallen case, which are rather liberal in the application of the rule, our decisions seem to be in accord with the weight of authority on this proposition. 15 R. C. L. 1025, and cases cited.

But in all cases, the doctrine is planted squarely on the ground of identity of interest between the parties to the action and the persons they are held to represent. It being recognized throughout that, if such identity of interest does not exist, such representation cannot be had, and especially is this true where there is a conflict of interest.

In Johnson v. Jacob, 11 Bush, 646, in which such conflict existed, after referring to the cases in which virtual representation might be had, we said:

"But this reason does not apply in the present case. Here the life tenant, holding under the title through which these appellants claim, and with full knowledge of all the facts, voluntarily created or attempted to create in his own behalf a claim against the estate of the remaindermen. As to whether his representatives are entitled to relief in equity we express no opinion. We merely hold that the rights of these infant appellants were not affected by the judgment against their mother. She had no more right to represent them in the suit in question than she had to convey away their contingent estate."

This phase of the general rule is thus stated in 15 R. C. L. 1026:

"It should be noted that where the reason of the rule fails the rule itself will not be enforced. Thus, if under the actual facts of the case, the interests of unborn remaindermen are antagonistic to those of the parties who would represent them, the former will not be concluded by a judgment against the latter. So where persons not yet born are not represented by any party to an action their interests will not be concluded."

The text is fully supported by Downey v. Seib, 185 N. Y. 427, 78 N. E. 66, 113 Am. St. Rep. 926, 8 L. R. A. (N. S.) 49, and note; Pugh v. Frierson, 221 F. 513, 137

C. C. A. 223; McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015; Miller v. Texas P. R. R. Co., 132 U. S. 662, 10 S. Ct. 206, 33 L. Ed. 487; Breit v. Yeaton, 101 Ill. 242; Chaffin v. Hull (C. C.) 49 F. 524. To hold otherwise would deny a litigant his day in court, and offer a temptation to life tenants to confiscate contingent estates; would close the door to unborn remaindermen; and lend the aid of the courts to spoliation and fraud. This cannot be done, even though no fraud may be intended in the instant case.

It follows that the court in the first suit was without jurisdiction to reform the deed to the prejudice of the unborn children of Kelsey Taylor, and that the answer in the instant case stated a defense. This will not prevent the appellees from filing an amended petition making the infant child a party defendant, as upon the authority of Kendall v. Crawford it is a representative of its class, and then proceeding to have the deed reformed, if the facts authorize it; otherwise the defendant is entitled to the relief sought by him.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.