## Carroll et al. v. First Nat. Bank & Trust Co. Of Lexington et al.

January 27, 1950.

Rehearing denied March 24, 1950.

Chester D. Adams, Judge.

C. E. Rankin for appellants.

Stoll, Keenon & Park, Gayle Mohney, Chas. S. Landrum and A. B. Thomason, guardian ad litem, for appellees.

CLAY, COMMISSIONER—Affirming.

In this declaratory judgment action, which also seeks the sale of land, the sole question raised on appeal is whether or not appellant is bound by a former judgment involving the property, entered in a suit to which he was not made a party. The Chancellor, invoking the doctrine of virtual representation, determined that appellant's rights were fixed by that former judgment.

In 1922 John Carroll died, leaving a will. He devised his real estate: (1) to his wife for life; (2) then to his daughter for life; (3) with remainder to her heirs; (4) in the event of the daughter's death without heirs, to testator's brother Samuel if living; and (5) if Samuel was not living at that time, to his heirs. Appellant is the sole heir of Samuel.

Shortly after the testator's death, his widow filed a suit claiming she was the owner of one-half of the real estate by virtue of purchase.. Her daughter, the other life tenant, and Samuel Carroll, the named contingent remainderman and the father of appellant, were joined as defendants. The widow was successful in this suit, and appellant asserts the right to have its merits redetermined because he was not a party thereto, though living at the time.

The doctrine of virtual representation is one of long standing, developed as a rule of the common law, and founded upon convenience and necessity. It acknowledges the impracticability, in certain types of proceedings, of making all persons parties who might have a contingent or remote interest in the subject matter. It recognizes that a party joined in a law suit may effectively represent another not so joined, where they have a common interest and the former may be depended upon to present the merits of the controversy which

would protect the rights of the latter. See 30 Am. Jur., Judgments, Section 288.

Appellant concedes the applicability of the doctrine in cases where there is no living member of a class represented by another, but insists that where such member is in being, as was appellant in the present case, he should have been made a party defendant. The rule is not so limited in this state. In Hermann v. Parsons, 117 Ky. 239, 78 S. W. 125, it was held that the grandchildren of a testator, being contingent remaindermen, were bound by a judgment in a suit to which their father, the life tenant, was made a party, even when they were not joined in that suit, though living at the time. The Court quoted with approval from Faulkner v. Davis, 18 Grat. Va., 690, 98 Am. Dec. 698, as follows, 117 Ky. at page 247, 78 S. W. at page 127: "This rule of representation often applies to living persons who are allowed to be made parties by representation for reasons of convenience and justice, because their interests will be sufficiently defended by others who are personally parties, and who have motives both of self-interest and affection to make such defense, and they therefore consider it unnecessary to make such persons parties, and, indeed, improper to do so, and thus compel them to litigate about an interest which may never vest in them."

This same principle is recognized in Whallen v. Kellner, 104 S. W. 1018, 31 Ky. Law Rep. 1285, and Newkirk et al. v. Ingels, 197 Ky. 473, 248 S. W. 488. See also Kentucky Law Journal, Volume 37, No. 1, (November, 1948) page 96, "Virtual Representation of Holders of Future Interests in Actions Involving Titles in Kentucky." In Lowe v. Taylor et al., 222 Ky. 846, 2 S. W. 2d 1042, 1044, it was pointed out that the doctrine of virtual representation is planted squarely on the ground of the "identity of interests between the parties to the action and the persons they are held to represent."

From the foregoing it appears immaterial whether or not the person virtually represented is living. The determining factor is such identity of interest as to give reasonable assurance that the contingent rights of the absent party will be protected by the person joined in the suit. It is evident appellant and his father had parallel rights as contingent remaindermen; the father's self-interest and affection for appellant would reason-

ably insure the protection of those rights; and therefore appellant was not a necessary party to the old suit. His interest having been virtually represented, he was bound by the former judgment.

For the reasons stated, the judgment is affirmed.