RENDERED FEBRUARY 20, 2020
TO BE PUBLISHED



# Supreme Court of Kentucky

2018-SC-000297-DG

DATE 3/12/20

ANGELA JACKSON AND                                          APPELLANTS
LAMONT MARSHALL


ON REVIEW FROM COURT OF APPEALS
V.              CASE NO. 2017-CA-000460-MR
JEFFERSON CIRCUIT COURT NO. 15-CI-006537


ESTATE OF GARY DAY AND                                      APPELLEES
USAA GENERAL INDEMNITY COMPANY


## OPINION OF THE COURT BY JUSTICE HUGHES

## AFFIRMING

Appellants Lamont Marshall and Angela Jackson were injured in a two-vehicle accident with Gary Day in February 2014. Despite a returned summons in the court record indicating that Day had died in December 2014, the Appellants did not discover his death until after the two-year statute of limitations expired. Because they did not properly amend their complaint to substitute his estate in place of Day individually within the limitations period, the trial court granted summary judgment and dismissed the complaint based on this Court's holding in *Gailor v. Alsabi,* 990 S.W.2d 597 (Ky. 1999). The Court of Appeals unanimously affirmed and adopted the trial court's opinion in its entirety. Having granted discretionary review and finding no error, we affirm.

# FACTS AND PROCEDURAL HISTORY

On February 15, 2014, Lamont Marshall was driving his vehicle with Angela Jackson riding as his passenger when they were struck in the rear by a vehicle operated by Gary Day. Both Marshall and Jackson sustained injuries as a result. Day's vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm) and Marshall's vehicle was insured by USAA at the time of the collision. Both Marshall and Jackson received basic reparation benefits from USAA, with the last benefit payments being made on May 30, 2014 and July 1, 2014, respectively.

The applicable statute of limitations, Kentucky Revised Statute (KRS) 304.39-230(6), reads as follows:

> An action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs.

By operation of this statute, Marshall's limitations period expired on May 30, 2016, and Jackson's on July 1, 2016.

On December 29, 2015, well before the limitations period expired on their claims, Marshall and Jackson filed a complaint against Day, individually, alleging negligence and seeking damages for pain and suffering, physical and mental injuries, and lost wages. Unbeknownst to all parties, Day had died almost a full year earlier, on December 31, 2014. A civil summons was issued to Day's last known address via certified mail and was returned undelivered on February 5, 2016, with notes stating, "return to sender," "no such number,"

2

and "unable to forward." The returned summons gave no indication that Day was deceased.

On March 8, 2016, Marshall and Jackson amended their complaint to add USAA as a defendant for underinsured motorist (UIM) benefits. An alias summons was issued on that date to Day's last known address via certified mail and was again returned undelivered on April 12, 2016, with notes stating, "return to sender," "unclaimed," and "unable to forward." On April 28, 2016, Marshall and Jackson had another alias summons issued to Day for service via sheriff. The summons was returned to the clerk's office on May 18, 2016, with a notation that Day was "deceased," although the notation entered on CourtNet only stated, "alias not found." Having been unable to effect service upon Day, Marshall and Jackson sought appointment of a special bailiff in August 2016. The special bailiff attempted service but reported to Marshall and Jackson's attorney that Day's ex-wife informed him that Day had died on December 31, 2014. State Farm maintains, and Marshall and Jackson do not dispute, that neither State Farm nor its counsel knew of Day's death until informed of the special bailiff's report by Marshall and Jackson's counsel in August 2016.

On August 19, 2016, after expiration of the statute of limitations for both Marshall and Jackson, they petitioned the probate court to appoint a public administrator for Day's estate (the Estate) and on September 7, 2016, Chris Meinhart, public administrator, was appointed. Upon motion and with approval of the court, a second amended complaint was filed on November 1, 2016, which substituted Patricia Smith as administrator of Day's Estate in

3

place of Day individually. Patricia Smith is an attorney in Meinhart's office who routinely represents the public administrator in these matters. On November 28, 2016, Smith filed a response stating that she was incorrectly named as the administrator because she is in fact the attorney for the public administrator. Upon motion and approval of the trial court, Marshall and Jackson filed a third amended complaint on December 19, 2016, correctly naming the Estate as a party with Chris Meinhart as the administrator.

On January 12, 2017, USAA filed a motion for summary judgment arguing that Marshall and Jackson's claims were time barred by the statute of limitations. KRS 304.39-230(6). One week later, the Estate filed a similar motion for summary judgment. Marshall and Jackson responded arguing that the March 8, 2016 amended complaint, filed within the statute of limitations, was not a nullity because it named USAA, over whom the court could acquire jurisdiction, even if the court could not acquire jurisdiction over the deceased Day. They further maintained that the third amended complaint could relate back to the original complaint pursuant to Kentucky Rule of Civil Procedure (CR) 15.03 because counsel for the Estate had notice of the action prior to the expiration of the statute of limitations and the Estate was not prejudiced in maintaining a defense.

The trial court concluded that the claims against the Estate were time barred, relying on *Gailor*, 990 S.W.2d 597, and accordingly granted summary judgment in favor of the Estate and USAA. The trial court reasoned that the Estate could not have acquired knowledge that suit would have been brought

4

against it because it did not even exist as a legal entity within the limitations period, and that nothing supported the proposition of imputing an attorney's knowledge to a non-existent client. Additionally, the trial court held that the failure to bring suit against the Estate before the limitations period expired precluded recovery of UIM benefits from USAA. As noted, Marshall and Jackson appealed to the Court of Appeals, which adopted the trial court's opinion and order in its entirety.

## ANALYSIS

### I. *Gailor v. Alsabi* is applicable and controlling.

Twenty years ago, in *Gailor*, 990 S.W.2d 597, this Court addressed a case factually similar to the one before us, dismissing an amended complaint against a deceased driver's estate as untimely. Marshall and Jackson argue that *Gailor*'s holding should be modified to protect valid claims from unjust dismissal. We decline to modify this consistently applied, bright-line rule.

In *Gailor*, Alsabi and Whalen were involved in a motor vehicle accident in which Alsabi was injured and subsequently incurred medical expenses. *Id.* at 599. Alsabi filed suit against Whalen on February 3, 1994, one day prior to the expiration of the statute of limitations. *Id.* at 600. A summons was returned noting that Whalen was deceased, and it was later discovered that Whalen had died almost two years earlier, on February 5, 1992. *Id.* Alsabi's attorney stated that he did not learn of Whalen's death until after the statute of limitations expired. *Id.* A public administrator was appointed for Whalen's estate on November 17, 1994, and Alsabi amended the complaint on January 19, 1995,

5

substituting the estate in place of Whalen and properly serving the public administrator. *Id.* Thereafter, the trial court granted summary judgment in favor of the estate's administrator, having concluded that Alsabi's action was barred by the statute of limitations. *Id.*

On appeal to this Court, Alsabi's primary argument was that, pursuant to CR 15.03, the amended complaint related back to the date the original complaint was filed and thus was not barred by the statute of limitations. CR 15.03 states:

> (1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
>
> (2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The only defendant named in Alsabi's original complaint was the deceased Whalen. *Gailor*, 990 S.W.2d at 600. This Court held that because the complaint did not name a defendant over whom the court could acquire jurisdiction, the complaint was a nullity. *Id.* Also, Alsabi did not sue the estate during the statute of limitations period and so the proper defendant could not have had notice within that limitations period as referenced in CR 15.03(2). *Id.* at 601. The administrator of the estate needed notice of the claim but an

administrator had not been appointed during the applicable limitations period. So, receipt of notice was an impossibility. With these facts, CR 15.03(2)(a) and (b) could not be satisfied. *Id.*

As in *Gailor*, Marshall and Jackson did not sue a proper defendant within the statute of limitations period. Unfortunately, this scenario is not uncommon.[1] Prior to *Gailor*, the Court of Appeals, addressing another case where the defendant had died before the complaint was filed, succinctly stated the principle applicable in these cases:

> It is incumbent upon a plaintiff, when he institutes a judicial proceeding, to name the proper party defendant. It is fundamental to our jurisprudential system that a court cannot, in an in personam action acquire jurisdiction until a party defendant is brought before it. The party defendant must actually or legally exist and be legally capable of being sued.

*Ratliff v. Oney*, 735 S.W.2d 338, 341 (Ky. App. 1987). Here, Day passed away almost a full year before Marshall and Jackson filed their initial complaint, and it was not until after the statute of limitations expired that they petitioned for the appointment of a public administrator. The period of limitations for Marshall and Jackson expired on May 30, 2016 and July 1, 2016, respectively, and an administrator was not appointed until September 7, 2016. Thus, the Estate could not have known about the proceedings against it during the

---

[1] Today we address another motor vehicle accident case, *Williams v. Hawkins*, 2019-SC-000012-DG (Feb. 20, 2020), wherein the plaintiff failed to sue a proper defendant within the limitations period due to a failure to discover that the defendant had died sixteen months earlier. That case proceeded differently procedurally because the initial action was dismissed and a second action was filed against the decedent's estate but the end result is the same. Failure to file against a proper defendant within the limitations period requires dismissal absent truly extraordinary circumstances.

7

applicable limitations period as required by CR 15.03, *i.e.*, the Estate did not exist during that time frame. Marshall and Jackson emphasize that the Estate has never alleged any prejudice in maintaining its defense to the claims on the merits, but the absence of prejudice is only one aspect of CR 15.03(2)(a). The subsection requires sufficient *notice* such that no prejudice will result, and in this case notice was impossible.

Marshall and Jackson's case is essentially a more recent version of *Gailor.* A suit filed against a party who is deceased at the time of filing is a nullity as to that party. Unless proper amendments are made prior to the expiration of the statute of limitations, or the requirements of the relation back rule are satisfied, the claim is generally barred.[2] The plaintiff has an affirmative obligation to locate the correct party defendants and determine their vital status, a status that could have been easily determined in this case by simply examining the court file.[3]

## II. Knowledge of a claim cannot be imputed to a non-existent party to satisfy the notice requirement of CR 15.03.

Marshall and Jackson also argue that because Day's insurer, State Farm, knew about their claims, that State Farm's knowledge of these claims should be imputed to the Estate. Relying on *Harris v. Jackson*, 192 S.W.3d 297 (Ky. 2006), Marshall and Jackson maintain that State Farm is the real

---

[2] In *Williams v. Hawkins*, referenced in n.1, we address the doctrines of equitable estoppel and equitable tolling, either of which can affect the statute of limitations.

[3] As noted above and discussed more fully *infra*, the court file reflected that Day was deceased, allowing for a timely amendment.

8

party in interest because it bore all the liability exposure up to its policy limits, and conversely that the Estate had no substantive interest in the case.

In *Harris*, the trial court dismissed an action arising from a motor vehicle accident for failure to revive the action against a personal representative after Harris, the tortfeasor, died. *Id.* at 301. Notably, unlike the case before us, Harris, the defendant was alive when the complaint was filed. Significant activity continued to occur in the case after Harris's death some fourteen months later. *Id.* at 299. At some point, the attorney assigned by the insurer to defend the claim learned of Harris's death and on May 9, 2002, he sought guidance from the Kentucky Bar Association as to his ethical responsibilities for disclosure. *Id.* The ethical advisor informed the attorney that he could not misrepresent, by statement or silence, the fact that his client was deceased. *Id.* at 301. Ultimately, the attorney filed a motion to dismiss on behalf of Harris based on his death and the plaintiff's failure to timely revive "in the name of the representative or successor" of the defendant pursuant to KRS 395.278. *Id.* It was not clear when Harris's attorney first learned of his death, but he attached to his motion to dismiss a copy of the obituary which had been published in a local newspaper soon after Harris's death, approximately one year earlier. *Id.* The trial court dismissed the claim. *Id.*

On appeal, this Court raised the issue of jurisdiction, questioning how defense counsel could file motions, briefs, and a petition for discretionary review for a deceased client, but noted that the parties did not address the issue. The Court stated:

9

we have not always acted "sua sponte" as to jurisdictional questions regarding defects in parties where, (1) we were otherwise assured that a "real party in interest" was providing appropriate "virtual representation," (2) the matter presented was of importance to reach at the time presented, and (3) the parties did not address the defect.

*Harris,* 192 S.W.3d at 301-02. Thus, the Court made it clear that the issue of whether an attorney has the duty to disclose the death of a client was the primary issue to be addressed, and its discussion of virtual representation and real parties in interest was secondary to its main holding. The Court acknowledged previous cases which were dismissed because only the name of a deceased person appeared as the Appellee but stated that the resolution of the issues in *Harris* affected the entire Kentucky bar. *Id.* at 302. Ultimately, this Court determined that Harris's insurance company was a real party in interest, and was able to virtually represent the deceased Harris's interests in order to overcome the jurisdictional hurdle on appeal. *Id.* at 304. This Court concluded that an attorney has the duty to disclose the death of his client to both opposing counsel and the court in which the case is pending in his first communications with either after learning about the death. *Id.* at 305.

*Harris* is distinguishable from Marshall and Jackson's case because the tortfeasor, Harris, died after the complaint had been filed against him; proper service was effectuated on Harris before his death. *Id.* at 299. A significant amount of discovery and pre-trial activities occurred despite Harris's death. *Id.* at 299-302. The plaintiffs in the case were required to revive the action pursuant to KRS 395.278 within one year of his death, which they failed to do,

and much of this Court's discussion focused on counsel's duty to disclose the death of a client. *Id.* at 298-99. In contrast, proper service was never effectuated on Day in this case, so the issue of reviving Marshall and Jackson's claims was not present. Additionally, Day passed away over a year prior to being "represented" by the counsel retained by State Farm, rendering the primary holding of *Harris* inapplicable.

Marshall and Jackson's case is more similar to two Court of Appeals cases, *Mitchell v. Money*, 602 S.W.2d 688 (Ky. App. 1980), and *Hendrix v. Holbrook*, 2010 WL 135122 (Ky. App. Jan. 15, 2010). In *Mitchell*, the plaintiff filed suit against a tortfeasor after he had already died, so service of process on the tortfeasor was impossible. 602 S.W.2d at 688. The Court of Appeals stated "[a]s the court never obtained personal jurisdiction over the decedent, he was . . . never a party to the action. In effect, the original action filed by the appellant was a nullity . . . ." *Id.* at 689. While the amended complaint in Marshall and Jackson's case is not a complete nullity,[4] given that USAA was a properly named defendant over which the trial court acquired jurisdiction, the complaint was a nullity as to Day and his Estate because the court did not acquire jurisdiction over either party during the applicable statute of limitations period.[5]

---

[4] The first amended complaint against Day and USAA was filed on March 8, 2016, within the statute of limitations period. However, the original complaint, filed December 29, 2015, against only Day, individually, was a nullity.

[5] Because the statute of limitations ran before jurisdiction was acquired over Day or his Estate, KRS 396.011(2) (addressing claims involving liability insurance) does not save Marshall and Jackson's claims. KRS 396.011 provides the rule regarding assertion of claims against a decedent's estate "if not barred earlier by other

11

In *Hendrix*, Hendrix sought to revive an action against a deceased tortfeasor once the statute of limitations had expired. 2010 WL 135122 at *1. Because the motion to amend the complaint was made over two years after the tortfeasor's death, the trial court dismissed the action for failure to revive the action timely pursuant to KRS 395.278. *Id.* The Court of Appeals held that revivor was not applicable because the deceased died before the complaint was filed and thus he was never a party to the action in the first instance. *Id.* at *2.

The Court of Appeals then considered whether the trial court should have granted the motion to amend the complaint, noting that the amended complaint would have needed to relate back to when the original complaint was filed pursuant to CR 15.03 given that the limitations period had expired. *Id.* Finding the case nearly identical to *Gailor*, the Court of Appeals held that because Hendrix did not sue the proper defendant, and because the proper defendant – the administrator of the estate – could not have had notice within the statute of limitations period, the trial court properly denied the motion to amend the complaint. *Id.* at *3. *Hendrix* is similar to Marshall and Jackson's case in that the Estate did not exist within the statute of limitations period and thus could not have had notice of the action. While actual, formal notice may not be necessary, *cf. Funk v. Wagner Machinery, Inc.*, 710 S.W.2d 860, 861 (Ky.

statute[s] of limitations." Here, the MVRA two-year statute of limitations barred Marshall's claim on May 30, 2016 and Jackson's on July 1, 2016. KRS 396.011 pertains to the presentation of claims against an estate and cannot be used to resuscitate claims "barred earlier by other statute[s] of limitations."

12

App. 1986), the new party must have knowledge of the proceedings, gained during the statutory period. *Gailor*, 990 S.W.2d at 601.

To reiterate, CR 15.03(2) mandates that a party either knew, or should have known, that the action would have been brought against him during the limitations period. Because the Estate did not legally exist until after the statute of limitations expired, this requirement simply cannot be met. Clearly, tension exists between a plaintiff's interest in the application of the relation back doctrine and the defendant's interest in the statute of limitations. "[I]n order to maintain a proper balance between these competing interests, if a new party is to be added after the limitations period has run, then all three requirements of CR 15.03 must be strictly construed." *Phelps v. Wehr Constructors, Inc.*, 168 S.W.3d 395, 397 (Ky. App. 2004). *Gailor* reflects this Court's strict construction and application of the relation back doctrine in CR 15.03(2) and that decision is applicable and controlling.

Marshall and Jackson also attempt to satisfy the notice requirement by claiming the eventual attorney for the Estate, Richards, had knowledge of the action within the applicable limitations period. Richards was initially retained by State Farm to represent Day. In support of this assertion, Marshall and Jackson include emails between a paralegal in their attorney's office and Richards dated in April 2016. These brief emails merely acknowledge a claim against Day. In April 2016, the Estate did not exist and given that no one associated with the case knew of Day's death, Richards was seemingly representing Day, not the Estate. Obviously, no attorney-client relationship

13

existed between Richards and the Estate during the limitations period. There is also no evidence that Richards or anyone in his firm knew of Day's death prior to the expiration of the limitations period. Similarly, it is immaterial that State Farm, Day's insurer, had knowledge of the claim during the statute of limitations period.[6] Like the tortfeasor's insurer in *Gailor*, State Farm was not named as a defendant in any of the complaints, and thus CR 15.03(2)(b) does not apply to it. 990 S.W.2d at 601.

Marshall and Jackson also cite *Harris* to argue that State Farm is a real party in interest and serves as a virtual representative for the Estate. 192 S.W.3d 297. The doctrine of virtual representation "recognizes that a party joined in a law suit may effectively represent another not so joined, where they have a common interest and the former may be depended upon to present the merits of the controversy which would protect the rights of the latter." *Id.* at 303 (quoting *Carroll v. First Nat'l Bank & Tr. Co.*, 312 Ky. 380, 381, 227 S.W.2d 410 (Ky. 1950)). In *Harris*, the decedent's own insurer, State Auto, was not named as a party in the suit. *Id.* However, acknowledging that State Auto "has the same interest in protecting its obligations, or risks, under its policy as did Harris in protecting himself, and as would his estate," the Court was assured that adequate virtual representation was provided to the Estate. *Id.* at 304. This Court has stated that virtual representation "acknowledges the impracticability . . . of making all persons parties who might have a contingent

---

[6] While State Farm had knowledge of the claim before the limitations periods ran, it did not have notice of Day's death until after the limitations periods expired.

14

or remote interest in the subject matter." *Id.* at 303. We note that in Marshall and Jackson's case, it was not impracticable to properly substitute the Estate for Day given the sheriff's return of service noting that Day was deceased before the statute of limitations had run on either Marshall or Jackson's claim.

In any event, regardless of its persuasiveness, the virtual representation argument is not properly before this Court because it was not argued at the trial court. "It has long been this Court's view that specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal." *Fischer v. Fischer*, 348 S.W.3d 582, 588 (Ky. 2011), *abrogated on other grounds by Nami Res. Co. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018). "An appellate court is without authority to review issues not raised in or decided by the trial court." *Meyers v. Commonwealth*, 381 S.W.3d 280, 286 (Ky. 2012). In their brief in opposition to summary judgment, Marshall and Jackson argued (1) that their case is distinguishable from *Gailor*; (2) that the third amended complaint related back to the date of filing of the amended complaint; and (3) that dismissal of their claims results in unnecessary injustice. They did not raise the virtual representation argument, and because it is not properly before this Court, we do not consider it.

## III. The application of *Gailor* is not unjust.

Marshall and Jackson repeatedly assert that the application of *Gailor* is unjust and results in claims being unfairly dismissed. They further contend that without modification of the law, *Gailor* bars a plaintiff's claim based simply

15

upon the timing of a tortfeasor's death. We disagree. If Appellants had exercised due diligence, this seemingly "unfair" result could have been avoided. Day died on December 31, 2014, almost a full year before the original complaint was filed and approximately a year and a half before the statute of limitations period expired. Although an estate was not opened during the limitations period, other means exist for ascertaining a person's vital status, such as obituaries or background searches. Most importantly, if Marshall and Jackson had reviewed the physical court file in their own case, they would have learned of Day's death as reflected in a May 17, 2016 notation. Instead, they relied solely on CourtNet, which contained no such notation.

CourtNet warns its users that it is not intended to be an official court record. Further, the CourtNet user agreement contains a disclaimer that states that "the information obtained from CourtNet may not reflect the true status of court cases. The [Administrative Office of the Courts] makes no warranties as to the accuracy or completeness of the information contained in CourtNet data."[7] The user agreement states that "[e]ach individual user is solely responsible for seeking official records from the . . . court and verifying information received from CourtNet."[8] The physical court file was readily accessible to all parties and revealed Day's death prior to the expiration of the limitations period. Appellants' claim that they "did not timely have any

_____

[7] User Agreement for Access to CourtNet, May 2014.
https://kcoj.kycourts.net/courtnet/Content/files/CourtNet_User_Agreement_v1-6.pdf.

[8] *Id.*

16

reasonably discoverable information that Gary Day was deceased," simply is not true.

Further, *Gailor* does not hold that any suit originally filed against a deceased defendant cannot ever be amended past the limitations period. Instead, it simply holds that CR 15.03 does not permit relation back where the proper party did not exist during the limitations period. A plaintiff's due diligence in initiating a law suit, naming proper parties, and ensuring that parties are in fact living can alleviate the problems presented in this case. Marshall and Jackson had the opportunity to learn of Day's death and proceed accordingly prior to the expiration of the limitations period but failed to do so.

## IV. The facts of this case do not warrant tolling of the statute of limitations.

Next, Marshall and Jackson argue that the statute of limitations should be equitably tolled. They cite *Nanny v. Smith*, 260 S.W.3d 815, 818 (Ky. 2008), to support the proposition that the statute of limitations should be tolled in circumstances beyond a party's control when "the party has exercised due diligence and is clearly prejudiced." (citing *Robertson v. Commonwealth*, 177 S.W.3d 789 (Ky. 2005)). While there are circumstances justifying equitable tolling when a party is prejudiced, this case does not warrant tolling.

Marshall and Jackson state that they did not have any reasonably discoverable information that Day was deceased prior to the expiration of the limitations period. As stated above, the record reflects otherwise. While they correctly point out that no estate was established during the statute of limitations, which would have provided a public record of Day's passing, the

17

sheriff's note on the return of service provided accurate information and was accessible to Marshall and Jackson within the limitations period.

The main purpose of statutes of limitation is to "encourage the plaintiff to pursue his rights diligently, and when an extraordinary circumstance prevents him from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose." *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014). We cannot say that Marshall and Jackson pursued their claim diligently, as there was readily available information in the court file that would have allowed them to properly substitute parties and effectuate service within the statute of limitations period. No extraordinary circumstances prevented them from filing a timely action.

**V. The underinsured motorist (UIM) issue is not properly before the Court.**

In its order granting summary judgment, the trial court also held that because a tortfeasor's liability is an element of an underinsured motorist (UIM) claim, *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 898 (Ky. 1993), and because Day is not liable based on the statute of limitations, Marshall and Jackson were precluded from recovering UIM benefits from USAA. The Court of Appeals adopted the trial court's opinion verbatim. Although USAA was named as a respondent and filed a reply brief addressing the UIM issue, this issue is not properly before the Court on discretionary review.

CR 76.20(3)(d) requires that a motion for discretionary review contain the questions of law involved. Despite noting that their UIM claim was dismissed because the claims against the Estate were dismissed, Marshall and Jackson

18

did not identify the UIM argument as a question of law for this Court to review and they did not address it in their brief. Under these circumstances, we generally decline review. *Indiana Ins. Co. v. Demetre*, 527 S.W.3d 12, 41 (Ky. 2017).

However, for clarity, we will reiterate that a UIM carrier is "liable only for damages for which the insured would have been compensated but for the fact that the tortfeasor was underinsured. . . . [I]f the underinsured tortfeasor could not be held liable for an item of damages, that item is not 'uncompensated damages' payable by the UIM carrier." *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 316 (Ky. 2006). Therefore, proof that the tortfeasor is an underinsured motorist[9] is an essential fact that must be proved before the insured can recover judgment in a lawsuit against the UIM insurer. *Coots*, 853 S.W.2d at 899.

## CONCLUSION

Based on the foregoing, we conclude that the trial court and the Court of Appeals correctly held that Marshall and Jackson's claims were filed outside the statute of limitations period and that the requirements of CR 15.03 were

---

[9] KRS 304.39-320(1) defines underinsured motorist as "a party with motor vehicle liability insurance coverage in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident."

not met. *Gailor* is directly on point and controlling, and we find no reason to overrule its holding. The Court of Appeals' decision is affirmed.

All sitting. Minton, C.J.; Keller, Nickell, VanMeter, and Wright, JJ., concur. Lambert, J., dissents without separate opinion.

COUNSEL FOR APPELLANTS:

Michael Anthony Schafer
Christopher Allan Rogers
THE SCHAFER LAW OFFICE


COUNSEL FOR APPELLEE,
ESTATE OF GARY DAY:

Chris Meinhart
MEINHART SMITH & MANNING, PLLC

Deborah C. Myers
Jace Shackelford Martin
DILBECK & MYERS, PLLC

COUNSEL FOR APPELLEE,
USAA GENERAL INDEMNITY COMPANY:

Eric Allen Hamilton
Andrew Tyler Garverich
COLEMAN LOCHMILLER & BOND


COUNSEL FOR AMICUS CURIAE,
KENTUCKY JUSTICE ASSOCIATION:

Kevin Crosby Burke
Jamie Kristin Neal
BURKE NEAL, PLLC

Matthew Marston McGill
LOWDER & MCGILL, PLLC