## Duff v. Hagins and Hudson.

(Decided February 29, 1912.)

### Appeal from Breathitt Circuit Court.

New Trial—Petition for—Special Judge—Objection to Too Late.— Where the record in a case was under submission before a special judge, but before judgment was rendered, the act of the legislature imposing upon the various judges of the Circuit Courts the duty of presiding in cases where the regular judge was unable to sit, became effective, no objection having been made by appellant when the judge took the case under submission, and none having been made until after he had made known what his decision would be, appellant's complaint that he had no authority to render judgment comes too late, and whatever right he might have had was waived by his silence.

O. H. POLLARD, McGUIRE & McGUIRE for appellant.

J. J. C. BUSH for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is a petition for a new trial, brought under Section 518 of the Code. The ground upon which it is sought is that the special judge who sat in the case in the lower court was without authority to render the judgment. The lower court, upon consideration, sus-

tained a demurrer to the petition and dismissed same, and the plaintiff has prosecuted an appeal from that judgment.

The suit which was tried by the special judge was in equity, and it appears from the record in that case, which was recently before us, that the regular judge of the Breathitt Circuit Court was disqualified from sitting in certain cases. It was first agreed by the attorneys in interest that in those cases Hon. J. K. Roberts, a practicing attorney at that bar, should preside, but for some reason, not disclosed by the record, this agreement was not carried into effect, and, upon proper application to the Governor, in the exercise of his statutory authority, Hon. George W. Stone was appointed special judge to try certain cases, among them being the case of D. B. Hagins v. James Duff. The record in that case was taken under submission by him, but before he rendered his judgment the new law, imposing upon the various judges of the circuit courts the duty of presiding in cases where the regular judge was, from any cause, unable to sit, went into effect. It is the contention of appellant that, when the new law went into effect, all power and authority in said Stone as special judge ceased, and he had no right to further consider, try or determine the issues of law and fact raised in said case, and for that reason he should be given a new trial. No objection was made by appellant when the judge took the record in said case under submission and, in fact, no objection was made until after he had made known what his decision in said case would be. Counsel for appellant thereupon sought to further argue the points in issue, but he was denied this right, and the opinion of the court was handed down. An appeal was prosecuted to this court and, upon consideration here, the judgment of the lower court was affirmed.

Without entering into a consideration of the question as to the right of the special judge to render the judgment in the case after the new law became operative, it is sufficient for the purposes of this case to note that, by his silence when the case was taken under submission and until judgment was finally rendered, appellant waived any right that he might have had, and occupies no better position than if the case had been tried by an attorney of the local bar by agreement. His objection came too late.

Judgment affirmed.