## Wallace v. Wallace, Extx., et al.

(Decided October 16, 1912.)

### Appeal from Fayette Circuit Court.

Judgment—Revivor—Death of Appellee After Submission—Practice— When the appellee dies after submission the judgment of affirmance relates back to the submission. No revivor in this court is necessary. The judgment may be revived in the circuit court under title nine of the Code, or if necessary the action may be revived in that court under title eleven.

GEORGE W. VAUGHN for appellant.

ALLEN & DUNCAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Overruling motion to enter judgment. Nunc Pro Tunc.

This case was submitted September 25, 1912. On October 3d, the judgment appealed from was affirmed. The death of the appellee after the submission is now suggested and a motion is made that an order be entered to the effect that the judgment rendered October 3d, affirming the decision of the lower court be entered *nunc pro tunc* as of the 25th of September, 1912.

The rule is that when a party to an appeal dies after submission and before the court renders its decision the judgment relates back to the date of the submission. (Mutual Life Ins. Co. v. Prewitt, 127 Ky., 407, and authorities cited.) It is unnecessary, therefore, to enter an order directing that the judgment shall take effect as of the 25th of September as that is the effect of the judgment already entered. The appellee having died after the submission the effect is the same as if she had died after the judgment in this court was rendered.

Upon the filing of the mandate in the circuit court the judgment may be revived as provided in title nine of the Code; or if necessary the action may be revived in that court as provided in title eleven of the Code but no revivor is necessary in this court. (Harrison v. Taylor, 21 R., 287.) A revivor of the action in the circuit court is unnecessary unless other steps are to be taken in it,

Motion overruled.