## Murphy et al. v. Blackburn et al.

(Decided April 23, 1929.)

STATON & KEESEE for appellants.

J. C. CANTRELL for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Appellees brought this action on May 17, 1926, alleging that they were each the owner, had the legal title to, and were entitled to the immediate possession of, a one twenty-seventh undivided interest in the tract of land described in the petition, and that the defendants Lee Murphy, John Murphy, James Farley, and Juda Farley were unlawfully and without right in possession and setting up claim to the ownership of the land. They made a part of the petition the deed from Jacob Blackburn to Juda Murphy for the land. By their answer the defendants denied the allegations of the petition and alleged that they were the owners of the land under the will of Juda Murphy, the provisions of which were set out in the answer. By agreement of parties, the cause was transferred to equity. The plaintiffs filed a reply denying that the defendants owned any interest in the land, except such as they inherited from Juda Murphy. They alleged that they claimed the land as the heirs at law of Juda Murphy, and that the defendants also claimed under her; that she was the owner and in actual possession of the land at the time of her death; that the plaintiffs are the children of her daughter Elizabeth Murphy, that Juda Murphy left nine children, and that Elizabeth Murphy, their mother, at her death inherited one-ninth interest in the land and that this, at her death, descended to them. They then alleged that Juda Murphy was a married woman at the time of the making of the will and at the time of her death, and that the lands conveyed to Juda Murphy by Blackburn was not her separate estate and she "was without power to dispose of the lands by will, and that said will was and is invalid and void in so far as it undertook to dispose of said lands."

The plaintiffs filed a rejoinder in which they denied the allegations of the reply in these words: "Deny that said Juda Murphy was without power to dispose of said land by will and they deny that said will was or is invalid in so far as it undertook to dispose of said land or at all."

On November 2, 1926, this order was entered: "Came the defendants having suggested the death of James Farley, one of the defendants and tendered and offered to file the petition of the children and heirs at law of James Farley, for revivor, making themselves parties and an amended answer and counterclaim of all the

defendants to which the plaintiff objected and the court sustained the objection and refused to allow the same filed, and directed that the same be marked tendered and offered to be filed. To the ruling of the court defendants objected and excepted.''

On the same day the cause was submitted for final judgment. On December 2, this order was entered: ''It appearing that James Farley has died since the institution of the above styled action and before the order of submission, his death is therefore suggested. Thereupon the defendants moved the court to set aside the order of submission, his death is therefore suggested. Thereupon the emotion to set aside the order of submission and pass the case for revivor, to which ruling of the court the defendants objected and excepted, this case having been tried and the judgment announced before the death of James Farley was suggested.''

Judgment was then entered for the plaintiff. The defendants appeal.

By the answer, which they tendered, they pleaded that Adrian Murphy and William Murphy, two of the devisees under Juda Murphy's will, sold and conveyed their interest in the land to John Murphy, and he sold and conveyed his interest in the land on May 12, 1906, to James and Juda Farley. They also allege that the devisees under the will took possession of the property in 1873, after the death of Juda Murphy, and have held it ever since, adversely to all the world; that Elizabeth Murphy, under whom the appellees claim, received a devise under the will of her mother, which she accepted; that she lived nearby and acquiesced in the claim of the property by the devisees under the will and set up no claim to it, and so induced Farley to buy it, and she and those claiming under her were estopped after 50 years to set up any claim to the land. They also pleaded limitation and alleged that her husband had left the state and abandoned her more than ten years before the will was made. The proof taken by the plaintiffs shows that the husband of Juda Murphy left Kentucky during the Civil War or about the year 1863, and never returned to the state, and that he died about ten years after her death.

In overruling the motion to set aside the submission, the court seems to have proceeded on the idea that the motion came too late. The rule is that, when a case is submitted, the judgment subsequently entered relates

back to the date of submission, but, when the defendant in an action dies, the action abates as to him and the court is without jurisdiction as to him until the action is revived and his representatives are brought before the court. James Farley having died before the submission, the court lost jurisdiction entirely as to him, and, as he owned a part of the land and was a necessary party to the action, there could be no proper judgment until his representatives were brought before the court. 1 C. J p. 153, secs. 248-253. The court had lost jurisdiction, and, as the plaintiffs were claiming an undivided interest in the whole tract, there could be no proper judgment against the remaining defendants after the death of James Farley, for the plaintiffs sought a judgment for an undivided interest in the whole tract. The amended answer tendered by the representatives of Farley presents a good defense to the action. for the rights of the plaintiffs, if any they had, accrued at least on the death of the husband of Juda Murphy, which occurred more than forty years before the suit was brought.

While the rejoinder simply denies certain conclusions of law and does not put any facts in issue, the same fault is in the reply. The statute in force at the time this will was made in 1873 provided as follows: ''A married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a special power to that effect.'' Revised Statutes of Kentucky, p. 694.

The reply does not state the facts necessary under the statute to show that the will of Juda Murphy was void. The allegation that the will was invalid and void and that Juda Murphy was without power to dispose of the land by will were merely statements of a conclusion of law and do not warrant the judgment. The deed from Blackburn to Juda Murphy was filed with the petition as an exhibit, but this does not aid the reply; for the rule is that, though an exhibit may make a good pleading bad, it will not make a bad pleading good.

On the return of the case, the circuit court will set aside the order of submission and allow the amended answer to be filed, and will also allow the plaintiffs to amend their reply and to make such issues as they desire on the amended answer.

Judgment reversed, and cause remanded for further proceedings consistent herewith.