## Fields v. Middleton.

(Decided May 4, 1934.)

B. M. LEE for appellant.

F. M. JONES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing appeal.

In this action brought by the appellant, who was plaintiff below, for injuries received by him on account of an alleged assault made upon him by the appellee, defendant below, in the course of an alleged arrest of him by the appellee, there was judgment for the defendant, and the plaintiff has appealed.

After this case had been submitted in this court, a motion was made to dismiss the appeal because of the death of the appellee. No brief was filed in support of that motion and on the assumption that the motion was based on the ground that there had been no revivor, the motion was overruled since revivor after submission is unnecessary. Wallace v. Wallace, 150 Ky. 33, 150 S. W. 13. It is manifest, however, that the motion should have been and should now be sustained on other grounds. In the event this case should be reversed on its merits, it would have to go back with the direction that the suit be dismissed, since it is essentially an action for assault and battery which does not survive under section 10 of the Statutes. In the case of Shields' Adm'rs v. Rowland, 151 Ky. 136, 151 S. W. 408, where the plaintiff had secured a judgment in the court below for damages for an assault and battery, it was held that the order of this

court in reversing the judgment should further direct that the case on its return to the lower court should be dismissed under section 10 of the Statutes. On the other hand, in the instant case, if the judgment be affirmed on its merits, the plaintiff is in no better position than he would be if the case were reversed with the necessary instruction concerning its dismissal in the lower court. This being true, it is obvious that the case is essentially moot, and for that reason the order overruling the motion to dismiss the appeal heretofore entered herein must be and it is hereby set aside, and that motion is now sustained. The appeal is dismissed.