## Fitch v. Kentucky-Tennessee Light & Power Co. et al.

June 25, 1948.

Rehearing denied December 17, 1948.

Woodward, Dawson, Hobson & Fulton for appellant.

James W. Stites and Lynne A. Warren for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The motion to strike from the record the judgments tendered by appellant and appellee, having been passed to the merits of the case, is overruled. We now will consider the question raised on the appeal itself.

The first appeal, styled Kentucky-Tennessee Light & Power Co. v. Fitch, is published in 304 Ky. 574, 201 S. W. 2d 702. Therein we directed the judgment against Fitch to be reduced from $45,000 to $17,500. Prior to the first appeal, appellant satisfied the judgment of $45,000 by paying it in full. On return of the case, he tendered a judgment which he conceived to be in conformity with this Court's decision, and which called for restitution in the amount that he had paid in excess of $17,500. The Circuit Court refused to enter that judgment, and entered one tendered by appellee, which decreed merely that appellee should recover of appellant the sum of $17,500. This appeal is based on the alleged error of the Circuit Court in refusing to file the judgment for restitution tendered by appellant.

Appellee contends that, since the judgment tendered was not filed, the error, if any, may not be relied on; and further, that because the opinion on the first appeal did not direct an order of restitution, the Court was without authority to do so.

The answer to the first contention is that, had the judgment of restitution been entered, appellant would have had no basis for bringing an appeal to this Court. Appellee concedes the judgment was tendered, but contends that appellant should have filed a motion to enter it; but the tender of the judgment, in effect, was a motion to have it entered; and since the judgment entered did not conform to the one tendered by appellant, the question properly has been presented on this appeal.

As to the second contention, the law is well settled that, if an appellate court reverses a judgment, the party against whom the judgment originally was entered, and who thereafter satisfied it, is entitled to restitution; and the mere fact that the appellate court on the first appeal does not order the trial court to enter judgment for restitution does not militate against the right of the payor of the judgment to obtain restitution on return of the case. American Law Institute's Restatement of the Law on Restitution, Sec. 74, pp. 302 to 305, inclusive. But appellee contends that the right to restitution is conceived in equity, and may not be had if it would be inequitable, which concededly is correct; it then argues that:

"It was admitted on the first appeal that Fitch was indebted to the company (Kentucky-Tennessee Light & Power Co.) in sums far in excess of the amount for which the particular judgment was rendered and it is again admitted on this appeal, but also insisted that such claims are now barred by limitations."

We find nothing in either record which supports this contention. But, conceding the allegations above quoted to be true, they would amount to no more than an admission of a moral duty to pay the alleged debts; and the denial of restitution may not be based on a moral obligation. American Law Institute's Restatement of the Law on Restitution, Sec. 74, p. 305. It does appear in the record that, in a proceeding before the Securities and Exchange Commission, appellant's attorney admit-

ted appellant at that time to have been indebted to appellee, by reason of failing to account for funds which wrongfully had been paid to others through appellant as an intermediary, and that he offered to convey to appellee certain securities and properties which he owned at that time. However, there is no showing that the indebtedness admitted before the Securities and Exchange Commission, which was previous to the institution of this action, was not satisfied; and certainly the record fails to show that there has been an adjudication of the fact, if it is a fact, that appellant now is indebted to appellee in any amount in excess of the judgment herein entered.

We are of opinion the Chancellor should have entered the judgment tendered by appellant, for which reason the judgment appealed from is reversed for proceedings consistent with this opinion.

Chief Justice Sims not sitting.