## Associated Electric Co. v. Fitch.

## Kentucky-Tennessee Light & Power Co. v. Fitch et al.

February 24, 1950.

S. Y. Trimble, IV, Special Judge.

James W. Stites for appellants.

Ernest Woodward and Woodward, Hobson & Fulton for appellees.

JUDGE LATIMER—Affirming in first action, reversing in second.

These two cases have been consolidated on appeal. The first case, designated No. 16311, has twice been before us. The parties to these two actions are substantially the same and the subject matter is similar, but since different questions of procedure are involved these cases must be disposed of separately.

Action No. 16311 was last before this court in 1948. See *Fitch v. Kentucky-Tennessee Light & Power Co.*, 308 Ky. 652, 215 S. W. 2d 91. On that appeal this court reversed with directions to enter judgment in conformity with the opinion. While the case was yet pending in this court on a petition for rehearing, Roland Fitch died. The petition for rehearing was denied and the mandate issued on December 17, 1948. Further questions having arisen in this, and in the second action, numbered 16385, Judge John B. Rodes entered an order disqualifying himself in both actions, and ordered the clerk to certify same to the Chief Justice for appointment of a special judge. Hon. S. Y. Trimble, IV, was designated. Following this designation, a notice of motion to revive the first action in the name of Mary Fitch, executrix of the decedent, Roland Fitch, was served on appellant's attorney of record. Appellant appeared specially and moved to quash the return on the notice. The motion was overruled. Mary Fitch, executrix, then filed motions to revive in her name and to file the mandate. The mandate was ordered filed and, pursuant to motion to revive, it was ordered that Mary Fitch, executrix of Roland Fitch, deceased, recover the amount of judgment as entered in accordance with the mandate. Associated Electric Company prayed an appeal, which was granted.

Appellant urges three grounds for reversal: (1) The appointment of S. Y. Trimble, IV, as special judge in action No. 16311 was void. (2) Appellant's motion to quash the return on the notice of motion to revive should have been sustained; and (3) Revivor should have been made in this court, if made at all.

We think the question of whether or not the Hon. S. Y. Trimble, IV, was properly appointed special judge is immaterial since no objection was made in the lower court, and further because appellant appeared specially before him to obtain a favorable ruling on the motion to quash. By so appearing, appellant waived this question when it failed to challenge Judge Trimble's right to

sit in the case. Duff v. Hagins et al., 147 Ky. 246, 143 S. W. 1059. Also Salyer v. Napier, 21 Ky. Law Rep. 172, 51 S. W. 10, and Proctor v. Peoples Bank of Morehead, 283 Ky. 100, 140 S. W. 2d 667.

The second error urged is the overruling of appellant's motion to quash. It is claimed that notice of motion to revive served on attorney of record is insufficient and not in compliance with the requirements of Civil Code of Practice, sections 501, 502, and 503. Revivor after notice is proper under section 503. But, appellant insists that this notice cannot be served on an attorney of record, and that, therefore, a summons or warning order was required under sections 501 and 502, because appellant was not a resident of this state. This contention may be very quickly answered by reference to sections 625 and 631 of the Civil Code of Practice, which permit a notice to be served on a person's attorney. The provisions of section 631 are particularly explicit in allowing such service as to any notice required by the Code in an action unless it is otherwise expressly provided. Appellant cites Miller et al. v. Commonwealth, 192 Ky. 709, 234 S. W. 307, to the contrary. But this case is clearly distinguishable from the case at bar. The Miller case was a criminal proceeding; and it further appears that the notice to be given was one ordered by the court and not a notice provided for by the Civil Code of Practice. It is not denied that the notice was served on Judge Stites, who was at that time, and still is, counsel for appellant. We think the notice, as given, complied with the requirements of the Code.

The last contention is, that revivor, if made at all, should have been made in this court. This contention, likewise, cannot be sustained. In the case of Wallace v. Wallace's Executrix et al., 150 Ky. 33, 150 S. W. 13, we held that the appellee having died after submission of the case, the effect is the same as if she had died after the judgment of this court was rendered. In that case the decision of the lower court was affirmed; but we are of the opinion that the principle involved should properly extend to any case wherein a party dies after submission in this court, regardless of whether the decision of the lower court is affirmed or reversed. Moreover, we find that according to Wallace v. Wallace's Execu-

trix et al., supra, and Mutual Life Insurance Co. of New York v. Prewitt, 127 Ky. 399, 105 S. W. 463, 32 Ky. Law Rep. 298, the rule is that the judgment of this court relates to the date of submission. Consequently, revivor is unnecessary if either of the parties died after submission. We may further note here that not only did Roland Fitch die after submission but after the original opinion had been handed down on June 25, 1948. The petition for rehearing merely delayed the issuance of the mandate and did not change the operative date of the judgment. It was proper then to revive in the lower court in order to take further steps in the action. We conclude that the chancellor's judgment in action No. 16311 is valid.

Action No. 16385 was filed September 24, 1940, by the Kentucky-Tennessee Light & Power Company against Henry D. Fitch and Roland Fitch. The defendants filed answer; the pleadings were made up; and on May 21, 1941, it was ordered that the action be referred to the official stenographer for the purpose of taking proof. In 1947 the attorney for the defendant, Roland Fitch, brought to the attention of the court the fact that this action had been pending since 1940 and that no proof had been taken. Thereupon, on May 19, 1947, the first day of the May term of the Warren Circuit Court, the following order was entered without notice to plaintiff:

"It appearing that this suit was filed on the 24th day of September, 1940, and that the same has remained on the docket of this court since that date, and it further appearing that no proof has been taken in connection with said litigation since the suit was filed and no effort made to prosecute same to a conclusion, now, therefore, it is ordered by the court that said case be stricken from the docket and dismissed for failure on the part of plaintiff to prosecute this action."

On November 20, 1947, the plaintiff, appellant here, moved to redocket the case. The court overruled the motion, from which ruling this appeal is taken. There is apparently no Civil Code authorization for the filing away or dismissal of a case for want of prosecution, although the practice is frequently indulged in. In Nickell et al. v. Fallen et al., 23 S. W. 366, 15 Ky. Law Rep. 389, it is held that filing away a case for want of prosecution

is not a final order. On the other hand, in Phillips v. Arnett, Adm'r, et al., 164 Ky. 426, 175 S. W. 660, it is held, without any reference to Nickell et al. v. Fallen et al. supra, that a dismissal is a final order. We are, however, not confronted with this question here because we find that the order itself is void.

Under Civil Code of Practice, section 367a-10, the third day of the term is the time provided for the call of the equity docket. In Strader v. Miller et al., 236 Ky. 637, 33 S. W. 2d 668, we held that it was the duty of a party in an equity case to be present on the third day of the term and that he was charged with notice that the equity docket is regularly called on that day. This provision of the Code itself would lead to the logical conclusion that one is not bound by orders entered at other times or places by the court without notice having been previously given. We find the above stated principle borne out by the cases of Schwartz, Adm'r, v. Chesapeake & O. Ry. Co. et al., 181 Ky. 1, 203 S. W. 852, and Furst et al. v. Meek et al., 297 Ky. 509, 180 S. W. 2d 410. Were the rule otherwise, a party would have no security except through perpetual attendance upon court. It is basic in our system of jurisprudence that a party have notice of proceedings which may be adverse to his interests. When an equity case is called on the day set aside by statute or the Code for calling the equity docket, a party is bound to take notice by virtue of the statute that orders may be entered against him. At all other times he must be served with notice in order for the court to have jurisdiction to enter any order. The order striking action No. 16385 from the docket and dismissing same on May 19, 1947, was therefore void. A motion to set aside a void order may be made any time within two years of its rendition and an appeal may be taken from the overruling thereof. Civil Code of Practice, sections 745 and 763. McClellan's Adm'r v. Troendle, 30 Ky. Law Rep. 611, 612, 99 S. W. 329. We think the motion made to redocket the case on November 20, 1947, was the equivalent of a motion to set aside the void judgment, and upon its being overruled, this appeal was properly taken.

Since the order striking from the docket was void, it follows that such action did not start the running of the statute of limitations on the action. All that remains is for the lower court formally to reinstate action No.

16385 on its docket, after which the case will stand for trial as if the void order had not been entered.

The judgment of the lower court in action No. 16311 is affirmed. The judgment is reversed in action No. 16385 with directions to redocket the case for proceedings not inconsistent herewith.