**MAGGARD et al. v. MARCUM.**

Court of Appeals of Kentucky.
Oct. 24, 1952.

Chas. C. Smith, Roy W. House, Manchester, for appellants.

T. T. Burchell, Manchester, for appellee.

STANLEY, Commissioner.

This is a suit by the administratrix of the estate of P. D. Marcum, deceased, to recover of Clay County the consideration for three separate rights of way conveyed to the State Highway Commission in accordance with contracts made with the county in 1933. Sec. 4356t–7, Ky.Stats. One contract, dated August 24, 1933, promised the payment of $1,750. Payments aggregating $757 have been credited. The last was March 3, 1942. Pursuant to other agreements, conveyances of two rights of way were made by Marcum and others interested, one calling for the payment to Marcum of $400 and the other $150 on or before January 1, 1938. Judgment was awarded the plaintiff for the three claims and the defendants appeal.

Several defenses were pleaded, including res judicata and invalidity of the claims

because the contracts had not been authorized by the fiscal court and were incurred in excess of constitutional limitations of indebtedness prescribed by Secs. 157 and 158.

■ It is sufficient to say on the point of the absence of authorization that there is ample evidence of ratification.

Marcum sued the county on these three claims in November, 1939, and brought into issue the matter of the county's indebtedness. Eleven months afterward a comprehensive suit was filed by the First National Bank of Manchester and others against the county and its officers and all other known bondholders and creditors, who were called upon to prove their claims. P. D. Marcum was one of about 200 defendants. The judgment in that case declared that all outstanding debts (except perhaps some of the bond issues) were incurred when the county had exceeded the constitutional limitations, but those which were for indispensable, governmental expenses were valid. These were specified. All others, without being specified, were covered by the blanket holding that they were merely "permissible" obligations and were "invalid." While that suit was pending in the circuit court, Marcum died on March 14, 1940, and his widow duly qualified as administratrix of his estate. His individual suit was not revived. Strange to say, it was dismissed by the court on September 23, 1941, on motion of the county attorney, who was representing the defendants, without notice to any representative of the plaintiff. This comes into the present case on the question of limitations of the action, which defense, however, seems to have been abandoned on the appeal. The comprehensive suit of the First National Bank was never revived against Marcum's administratrix. Judgment in that case was affirmed in the major part and reversed as to some items challenged on the appeal in First National Bank of Manchester v. Hays, 288 Ky. 297, 156 S.W.2d 121. The chaotic condition of Clay County's finances is revealed in that opinion and in Griffin v. Clay County, 304 Ky. 592, 201 S.W.2d 733.

■ It is doubtful whether there could have been any proper judgment in relation to the Marcum claim until his personal representative was before the court. See Murphy v. Blackburn, 229 Ky. 109, 16 S.W.2d 771. But the administratrix filed the claim for $1,750 in that case and proved it by her deposition. By doing so, she waived a formal revivor and entered her appearance in the suit insofar as that item was concerned. Davie's Ex'r v. City of Louisville, 171 Ky. 663, 188 S.W. 911.

■ The appellee submits that the judgment in the Bank's case was merely to declare what county warrants were fundable and only adjudged that the Marcum claim was not of that class, and, moreover, that there had never been any warrant issued for it. The judgment was not so narrow. It marshalled the two classes of indebtedness of the county irrespective of whether covered by bonds, warrants or open accounts. That was the real object of the suit. We construe the judgment as declaring invalid the Marcum claim for $1,750, less credits. Whether it should have been so classified or not, because it represented compensation for the taking of private property for public use which Secs. 13 and 242 of the Constitution say must be paid, is beside the point. It is res judicata and it is now too late to challenge the judgment.

Nor can the appellee find relief in the fact that the county must pay all valid indebtedness, even if necessary to levy a tax in excess of the 50¢ constitutional limitation, as was declared in Griffin v. Clay County, supra, 304 Ky. 592, 201 S.W.2d 733. It is shown in this record that the county is now levying such a special tax of 40¢ for the purpose of retiring its indebtedness and also has a 20¢ special road and bridge tax. It is made apparent that the county is in a position now to pay this claim if it had not been adjudged to be invalid, but there is no escape from the judgment.

■ The claims for $400 and $150 were not involved in the former suit. At least the administratrix had not entered her appearance in relation to those items if the

call in the petition for all parties to present all claims be sufficient to have covered these unpresented claims. The circuit court found that at the time of the taking of the property for the highway the county's financial condition did not legally prevent it from incurring the obligations. We have held that the Constitution and the Statutes require that a county shall pay for road rights of way, whether acquired by contract or by condemnation proceedings. Kentucky Bell Corp. v. Commonwealth, 295 Ky. 21, 172 S. W.2d 661. We think the court properly adjudged a recovery on these items.

The judgment is reversed as to the claim for $1,750, less credits, and affirmed as to the other two claims.