**Rufus Marion TAYLOR, Appellant,**

v.

**G. BITTNER'S SONS, INCORPORATED, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Robert C. Carter, Stanley V. Benovitz, Louisville, for appellant.

Ronald V. Simpson, Louisville, for G. Bittner's Sons, Inc.

Martin Glazer, Workmen's Compensation Board, J. Keller Whitaker, Frankfort, for Workmen's Compensation Board.

MONTGOMERY, Chief Justice.

Rufus Marion Taylor has appealed from a circuit court judgment which affirmed an award of the Workmen's Compensation Board against G. Bittner's Sons, Incorporated. In his petition for review filed in the circuit court, appellant sought relief from the award other than the relief sought on the appeal here. The sole con-

tention of the appellant here is that the circuit court should have permitted him to file an amendment to his petition by which he sought to attack the qualifications of the five lawyer members of the Workmen's Compensation Board.

KRS 342.215 provides that a member of the Workmen's Compensation Board shall process the qualifications of a circuit judge, which are as follows:

"No person shall be eligible as Judge of the Circuit Court who is less than thirty-five years of age when elected, who is not a citizen of Kentucky, and a resident of the district in which he may be a candidate two years next preceding his election, and who has not been a practicing lawyer eight years."

Kentucky Constitution Section 130.

It is not suggested that any member of the Board does not possess the above qualifications. The question presented by appellant is whether such Board members should be subject to the restriction imposed on circuit judges by KRS 30.120 which prohibits a circuit judge from practicing law. Each member of the Board is a practicing attorney.

KRS 30.120 prohibits "The Governor, the Lieutenant Governor when serving as Governor, a judge of the Court of Appeals or circuit judge" from practicing law and prohibits the clerk or deputy clerk of a court from practicing law in the court of which he is clerk or deputy clerk. The reason for such prohibition is obvious. It is not in the nature of a qualification. The prohibition in KRS 30.120 is specific in its application to certain officials. A member of the Workmen's Compensation Board is not included within the statutory prohibition.

■ One of the qualifications of a circuit judge is that he must have been "a practicing lawyer eight years." The General Assembly, in establishing the qualifications for the Workmen's Compensation

Board members, by enactment of KRS 342.215 or by enactment of the prohibition contained in KRS 30.120 could have made the prohibition apply to members of the Workmen's Compensation Board. The answer to appellant's contention then is that the limitation sought was not prescribed by the General Assembly.

■ The attempt to disqualify a member or members of the Board in this action because of alleged constructive fraud or violations of constitutional rights is untimely. Had there been any basis for such contention, it would have existed at the time appellant's claim was filed. There is no showing that the question could not have been raised before it was sought to be raised by an amendment to a petition for review in the circuit court. Cf. Duff v. Hagins, 147 Ky. 246, 143 S.W. 1059; Nugent v. Nugent's Adm'r, Ky., 293 S.W.2d 478; Robinson Tool & Die, Inc. v. Gross, Ky., 432 S.W.2d 443 (decided October 4, 1968). For these reasons there is no merit in the contention.

Judgment affirmed.

All concur.