**Laurence DETROY, Petitioner,**

**v.**

**Honorable Frank A. ROPKE, Judge, Jefferson Circuit Court, Criminal Branch, First Division, Respondent.**

Court of Appeals of Kentucky.

Nov. 7, 1969.

Frank E. Haddad, Jr., Louisville, for petitioner.

DAVIS, Commissioner.

Laurence Detroy invoked the original jurisdiction of this court pursuant to Section 110 of the Kentucky Constitution, seeking an order prohibiting the late Frank A. Ropke, then Judge of the Jefferson Circuit Court, Criminal Branch, Division 1, from proceeding with a trial of Detroy on a charge of violating KRS 436.230. Detroy contends that to try him for an alleged offense under this statute will unconstitutionally place him in double jeopardy, inasmuch as he had already been convicted in the Louisville Police Court of a violation of KRS 436.240 as the result of what he contends to be the same facts upon which the present prosecution is based.

Judge Ropke died after submission of this case. Normally, it has been held (under Civil Code provision) that revivor in this court is unnecessary when a litigant dies after submission. Mason v. Anderson, Ky., 242 S.W.2d 1011. However, a different rule obtains if the case before this court is rendered moot by the death of a party. See Fields v. Middleton, 254 Ky. 159, 71 S.W.2d 39, in which the appeal was dismissed because one of the litigants in an assault action had died. Since assault is a personal action which does not survive, the controversy was deemed moot. The same is true here. The petitioner seeks a remedy against Judge Ropke as a person, albeit acting in a judicial capacity. The successor judge may or may not rule in the same way that Judge Ropke did. In any event, no order we could now enter could affect Judge Ropke. This action has become moot.

It is appropriate to observe that even if this case were not moot, the petitioner could not prevail. He has a remedy by appeal. Prohibition is not an appropriate remedy in this circumstance. Vinson v. Warren, Ky., 425 S.W.2d 562 (1968). As noted in 94 A.L.R.2d 1048, et seq., there is diversity among the jurisdictions as to the question before us, but we are persuaded that the view expressed in Vinson v. Warren is sound.

The petition is dismissed.

All concur.