Ethel Ann DUVALL, Appellant,

v.

James S. DUVALL et al., Appellees.

Ethel Ann DUVALL, Appellant,

v.

Wavy E. DUVALL, Appellee.

Supreme Court of Kentucky.

March 11, 1977.

Rehearing Denied June 10, 1977.

John L. Arnett, Collier, Arnett, Coleman & Cooper, Elizabethtown, James A. Hubbs, Louisville, for appellant.

Paul M. Lewis, Lewis & Bland, H. L. James, Elizabethtown, Stephen F. Schuster, Richard F. Newell, Ogden, Robertson & Marshall, Louisville, L. A. Faurest, D. Michael Coyle, Elizabethtown, John L. Smith, U. S. Atty., Richard F. Mitchell, Tax Div., Dept. of Justice, Washington, D. C., Joseph H. Eckert, Robert L. Sloss, Wyatt, Grafton & Sloss, Blakey Helm, Louisville, William S. Riley, Dept. of Revenue, Frankfort, Huddleston, VanZant & Coyle, Elizabethtown, Howard B. Hunt, Louisville, for appellees.

LUKOWSKY, Justice.

In *Duvall v. Duvall*, Ky., 431 S.W.2d 491 (1968) we affirmed the judgment of the

Jefferson Circuit Court in part with directions that it be modified to award Ethel Ann $300 per month future alimony. Our mandate to that effect was filed in the Jefferson Circuit Court on October 7, 1968.

Wavy died on March 7, 1969 without a modified judgment having been filed in the Jefferson Circuit Court. No steps were taken by Ethel Ann to either revive the action against Wavy's estate or have a modified judgment entered until the spring and summer of 1973.

 Revivor of the action in the Jefferson Circuit Court was necessary because our mandate was not self-executing and required that other steps (modification of judgment) be taken in the circuit court. *Wallace v. Wallace's Ex'x*, 150 Ky. 33, 150 S.W. 13 (1912); *Murphy v. Blackburn*, 229 Ky. 109, 16 S.W.2d 771 (1929). The Jefferson Circuit Court was not in error when it refused to revive the action and enter a modified judgment on the ground that the relief was not sought within the time provided by KRS 395.275 and KRS 395.276. CR 25.01(1).

Ethel Ann's claim for alimony against Wavy's estate in the Hardin Circuit Court had to be supported by a final judgment because Ethel Ann and Wavy never made an agreement. Our mandate may not be construed to be such a judgment because it, unlike the mandate in *Smith v. Garbe*, 86 Neb. 91, 124 N.W. 921 (1910), required that further steps be taken in the circuit court. CR 54.01. The Supreme Court of Nebraska saw fit to modify the judgment and affirm it as modified. This is not a method of disposition which this court has adopted. In the absence of a judgment of the Jefferson Circuit Court awarding periodic alimony the Hardin Circuit Court was not in error when it denied Ethel Ann's claim.

The views we have expressed make it unnecessary for us to determine whether a periodic alimony award to a wife continues beyond the death of the husband. As a matter of purely academic interest the attention of counsel and the trial courts is directed to *Shepherd v. Shepherd*, Ky., 521 S.W.2d 74 (1975).

The judgments are affirmed.

All concur, except STERNBERG, J., who did not sit.