Joan C. MITCHELL, Appellant,

v.

Milton T. MONEY; Edward L. Mackey, Administrator of the Estate of Milton T. Money, Appellees,

and

Joan C. MITCHELL, Appellant,

v.

Milton T. MONEY, Deceased, by and through his Administrator, Edward L. Mackey; and Burniece W. Money, widow of Milton T. Money, Appellees.

Court of Appeals of Kentucky.

Aug. 1, 1980.

J. P. Hughett, Hughett, Hughett & Hughett, Louisville, for appellant.

Harry K. Herren, Jr., Woodward, Hobson & Fulton, Louisville, for appellees.

Before COOPER, HOGGE and HOWARD, JJ.

COOPER, Judge.

This is a consolidated appeal from the dismissal of separate actions filed by the appellant. The original action was dismissed pursuant to KRS 395.278. The second action was also dismissed, the trial court ruling that the dismissal of the senior

action was res judicata with respect to it. At issue is the question of whether the trial courts acted correctly in so dismissing said actions.

On February 13, 1978, the appellant, Joan C. Mitchell, filed a personal injury action against the decedent/appellee, Milton T. Money, for injuries resulting from an automobile collision occurring on February 13, 1977. This action was filed in Jefferson Circuit Court, Division 7. On March 10, 1978, an answer was filed on behalf of the appellee. At the time the original action was filed, Mr. Money was deceased, having died on October 12, 1977. On March 10, 1978, the will of the decedent was admitted to probate by the Jefferson District Court. The petition of the surviving spouse to dispense with administration was also filed at this time.

On February 23, 1979, the appellee moved the trial court to dismiss the action as the appellant had failed to revive same within one year of the death of the decedent. KRS 395.278. This motion was sustained by the trial court. However, on February 7, 1979, the appellant filed a second action in the Jefferson Circuit Court setting forth the same personal injury claim as was filed in the original action. This was assigned to division 12. In this second action, the appellant named as defendant the appellee by and through his administrator, Edward L. Mackey, the appellee herein. On May 21, 1979, counsel for the appellee filed a motion to dismiss this action on the ground that it represented a second suit filed for the same cause of action arising out of the same accident and injury. Accordingly, he argued that the action should be dismissed in that the dismissal of the original action was res judicata as to the second claim filed by the appellant. This motion to dismiss was sustained by the trial court. It is from the action of both trial courts that the appellant now appeals.

■ KRS 395.278 states, in part, as follows:

An application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year·after the death of the deceased party.

Within this jurisdiction, it is a well–recognized rule of law that any statute relating to the revivor of an action is a statute of limitation, rather than a statute relating to pleading, practice, or procedure. Clay, *Kentucky Practice*, CR 6.02, Comment 3; *Daniel v. 4th and Market, Inc.*, Ky., 445 S.W.2d 699 (1968). In effect, the courts in this and other jurisdictions have held that a personal representative does not automatically succeed to the rights and status of a decedent. Rather, he is permitted, by an act of the legislature, to revive an action which dies with the decedent. *See Daniels, supra*, p. 701. Consequently, the time limitation provided for within any revivor statute is mandatory and not discretionary, thereby preventing a party or the court from extending such time under CR 6.02.

■ Notwithstanding the language of KRS 395.278 and its construction by the courts, the appellant argues that the provisions of it are inapplicable in that the appellee was deceased at the time the original action was filed. Effectively, the appellant argues that as the decedent never became a *party* to the original action, there was no need to revive the action within one year from the date of his death. Clearly, the decedent was named as a party defendant in the original action filed by the appellant. Yet, it is questionable whether that court ever had in personam jurisdiction over him. Obviously, at the time the action was filed, there could be no service of process on the decedent. A review of the record below indicates that a complaint and a copy of the summons were mailed to the decedent at his address and signed for by his wife. This action was not, we believe, sufficient to enable the court to obtain jurisdiction over the decedent or his estate. In that the decedent was never served with process or

entered an appearance in the original action filed by the appellant, we believe that he never became a party to that action. *See Parties*, 59 Am.Jur.2d § 8.

As the court never obtained personal jurisdiction over the the decedent, he was, in the language of KRS 395.278, never a *party* to the action. In effect, the original action filed by the appellant was a nullity, there never being a party–defendant to it.

The appellee argues that as an answer was filed on the decedent's behalf and there was no attempt to contest the court's jurisdiction over him, the appellant was obligated to comply with the provisions of KRS 395.278. We reject this argument. Although a party may waive its right to raise the defense of lack of jurisdiction over the person, CR 12.08(1), it is not logical to suggest that such a waiver can confer to a court jurisdiction where none, in fact, existed. Here, the trial court never had personal jurisdiction over the decedent, and could never have had such jurisdiction. If the answer was filed on anyone's behalf—a question we need not reach—it was filed on behalf of the decedent's estate or personal representative. However, as we view the original action as a nullity, as incomplete ab initio, we believe the trial court erred in the second action in ruling that the dismissal of the first action was res judicata as to it. The principle of res judicata cannot apply to an inchoate action.

Accordingly, we affirm the dismissal of the original action in that the trial court never had personal jurisdiction over the decedent, and reverse the action of the trial court dismissing the second action, directing it to vacate its order of dismissal.

All concur.