**Bernie R. RATLIFF, Pluma R. Powell, Bernice R. Potter, Erma Jean R. Justice, Fon Ratliff, Faye R. Mitchell, Gary Fields, Lawrence Goble Fields, and Shirley Fields Cox, Appellants,**

v.

**Michael H. ONEY, Clara F. Oney, Diana Hankins Stanley, Bruce Stanley, James G. McKenzie, Margaret A. McKenzie, and United States of America, Department of Agriculture, Appellees.**

Court of Appeals of Kentucky.

Aug. 28, 1987.

---

June 27, 1929, L.E. Ratliff acquired title to Lots 36 and 37 of Block A of the Meadowbrook Addition to the City of Russell, Kentucky.

On November 30, 1973, Frank Clarke signed an affidavit which was prepared and notarized by attorney James W. Lyon, Sr., stating that he owned Lots 32, 36, 37 and 38 of Block No. 1 of the Meadowbrook Addition, by virtue of adverse possession.

On May 11, 1983, Virginia Clarke filed an action in the Greenup Circuit Court against L.E. Ratliff, alleging that she and her predecessors in title had adversely possessed Lots 36 and 37 of the Meadowbrook Addition since 1958. She further alleged that L.E. Ratliff had recorded deeds to Lots 36 and 37, and that:

> The said L.E. Ratliff nor anyone claiming under him has made no claims to said land at any time since the Plaintiff and her predecessors have held the same. The Defendant, L.E. Ratliff, should be required to set up any claim that he may have or be forever barred therefrom.

> She sought the following relief:

> 2. That ... L.E. Ratliff ..., and any and all other persons who has a claim to the real estate herein be required to set up said claim or be forever barred therefrom.

> 3. That L.E. Ratliff ... be summoned before the Court and be required to set up their claim or be forever barred.

> 4. That Plaintiff believes that all Defendants herein are non-residents of the State of Kentucky and are absent therefrom and a Warning Order Attorney should be appointed to worn (sic) them of this action. That Plaintiff has searched but cannot find where they reside nor a post office nearest their place of residence. The last known (sic) address of L.E. Ratliff was Pikeville, Kentucky....

On May 11, 1983, the Clerk appointed a Warning Order Attorney for L.E. Ratliff. A return on the summons issued for L.E. Ratliff shows:

> This summons was served by delivering a true copy and the complaint (or other initiating document) to: L.E. Ratliff, this

James B. Ratliff, Baird & Baird, P.S.C., Pikeville, for appellants.

Dwight O. Bailey, Flatwoods, Deborah G. Roher, Northeast Ky. Legal Services, Ashland, U.S. Dept. of Agriculture, Farmers Home Admin., Lexington, for appellees.

Before COMBS, COOPER and DYCHE, JJ.

COMBS, Judge.

Appellants seek a reversal of an order of the Greenup Circuit Court dismissing their complaint.

Appellants are the heirs of L.E. Ratliff, who died intestate on June 19, 1979. Mr. Ratliff had been a lifelong resident of Lookout, in Pike County, Kentucky. On

12 day of May, 1983. Served By: M.D. Hardy, W O A.

In his report as Warning Order Attorney, Mr. Hardy stated that he sent a letter to the defendant at his last known address advising him of the nature and pendency of the action; that after careful examination he was unable to make an answer for the defendant, and that his letter had been returned.

On July 21, 1983, the lower court entered Findings of Fact, Conclusion of Law and Judgment, finding Virginia Clarke and her predecessors to be the owners of the lots described in her complaint, and that she and her predecessors had been in adverse possession of the property since 1958. The court concluded that all legal requirements for quieting title in her name had been met, adjudging that "... the Defendants have been constructively served by Warning Order Attorney and are constructively before this Court and are in default." Though not sought in the complaint, the court further adjudged that Virginia Clarke "shall have a good fee simple and marketable title in and to said lands mentioned herein as against the named Defendants herein, unknown Defendants, and all other persons, and the title to said property is hereby quieted in favor of the Plaintiff."

On January 9, 1984, a motion to vacate judgment and allow entry of answer was filed by Bernie Ratliff as "successor in interest to L.E. Ratliff." On January 30th, Mr. Ratliff filed another motion to vacate judgment because Virginia Clarke failed to serve constructive notice upon L.E. Ratliff at his last known address as required by the Rules of Civil Procedure, and failed to name the heirs of L.E. Ratliff in the suit in question. He alleged that "[s]uch failure to name resulted in no notice, constructive or otherwise, of the pending action to extinguish the rights and interests held by the heirs of L.E. Ratliff." An order overruling both motions was entered shortly thereafter.

Notice of Appeal was timely filed. During the appeal proceedings, Mr. Ratliff attached to his brief a copy of his father's death certificate and an affidavit of descent.

This Court affirmed the trial court's dismissal. This writer was a member of that panel. In affirming, we said:

> Not only was the issue of "death" not placed before the Circuit Court, but also the death certificate and affidavit can be considered no more than an attempted "wheelbarrowing" of evidence before this panel. Inclusion of matters not introduced below is a clear violation of the rules of appellate practice and is to be given no consideration on appeal.

Appellants filed the present action against the current owners of lots 36 and 37 of the Meadowbrook Addition, in which they alleged that their father, L.E. Ratliff, had died in 1979, some four years prior to the filing of the action by Virginia Clarke, and that by virtue of his death title descended to them.

Appellees sought dismissal of the action on the ground that the judgment in the former action barred the second action. Appellants responded to the plea of res judicata and sought to recuse Judge Lyon because he had prepared and notarized the affidavit of Frank Clarke.

The trial court overruled appellants' motion to recuse and sustained appellees' motion to dismiss. In doing so, the court found:

> 3. That Bernie Ratliff, who is son of L.E. Ratliff, later moved to vacate said order described in finding paragraph No. 2 above, and appealed the order denying this court's refusal to vacate to the Kentucky Court of Appeals No. 84–CA–783–MR.
>
> The Kentucky Court of Appeals affirmed the decision of this court stating the issues argued were not properly preserved by Appellant, Bernie Ratliff.
>
> 4. That the Defendant Homeowners now own part of the same property which was the subject of the quiet title action by Virginia Clarke.

The trial court concluded that the action was barred because "all parties of interest can trace their interest back to parties involved in the previous quiet title suit which

has been affirmed by the Court of Appeals. Any further action by this court would effectively overturn the judgment of the previous quiet title action."

■ Appellants contend on appeal that the trial court erred in failing to recuse himself, and in dismissing the action. We affirm the lower court's ruling on the motion to recuse. The affidavit in question had been prepared by Judge Lyon when he was actively engaged in the practice of law in Greenup County, some ten years prior to the suit filed by Virginia Clarke.

■ We reverse the order dismissing appellants' complaint. It is incumbent upon a plaintiff, when he institutes a judicial proceeding, to name the proper party defendant. It is fundamental to our jurisprudential system that a court cannot, in an in personam action acquire jurisdiction until a party defendant is brought before it. The party defendant must actually or legally exist and be legally capable of being sued.

The case of *Mitchell v. Money*, Ky.App., 602 S.W.2d 687 (1980), is similar to the case sub judice in many respects. Mr. Money died on October 12, 1977. A personal injury action was filed against Mr. Money on February 13, 1978. Notwithstanding his prior death, an answer was filed on his behalf. On February 23, 1979, a motion to dismiss was filed because the action had not been revived within the one-year provided in KRS 395.278. A few days prior to that a second action was filed setting forth a cause of action for the same personal injury. In the second action, the personal representative of the estate was named as defendant. A motion to dismiss, relying upon the former dismissal, was sustained. The question on appeal was whether or not res judicata was a bar to the subsequent action. In reversing the action of the trial court in dismissing the second suit, this court held:

> As the court never obtained personal jurisdiction over the decedent, he was, in the language of KRS 395.278, never a party to the action. In effect, the original action filed by the appellant was a nullity, there never being a party-defendant to it.

In *Mitchell*, it was argued that since an answer had been filed on behalf of the decedent and no attempt was made to contest the court's jurisdiction over him, that it was incumbent upon appellant to comply with the statute. In disposing of that contention, this court said:

> We reject this argument. Although a party may waive its right to raise the defense of lack of jurisdiction over the person, CR 12.08(1), it is not logical to suggest that such a waiver can confer to a court jurisdiction where none, in fact, existed. *Here, the trial court never had personal jurisdiction over the decedent, and could never have had such jurisdiction. ... as we view the original action as a nullity, as incomplete ab initio, we believe the trial court erred in the second action in ruling that the dismissal of the first action was res judicata as to it. The principle of res judicata cannot apply to an inchoate action.* [Emphasis added.]

Similar conclusions have been reached by Pennsylvania and Massachusetts in *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935), and *Chandler v. Dunlop*, 311 Mass 1, 39 N.E.2d 969 (1942).

■ In *Mitchell*, even though an answer had been filed on behalf of the decedent, the court found that no personal jurisdiction had been obtained on the decedent. Here, Bernie Ratliff was never a party to the original action. By his motion to vacate, he attempted to enter the action, but was unsuccessful in the trial court and on appeal.

Inasmuch as L.E. Ratliff was deceased at the time the original action was filed, and inasmuch as appellants were never parties to that action, the judgment in that action was a mere nullity and void.

For the foregoing reasons, we affirm the action of the trial court on the motion to recuse, but reverse the order of dismissal and remand for a new trial to determine the question of ownership of the property in question.

Further, pursuant to 2.(a) of the Order designating this case as a Special Appeal,

the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.