RENDERED: JUNE 21, 2007
TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-000769-DG

DEBORAH F. THEISEN (INDIVIDUALLY)                                APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                                    2003-CA-000277
PULASKI CIRCUIT COURT NO. 99-CI-000994

ESTATE OF CLAYTON C. WILSON
(A/K/A CLEO WILSON), ET AL                                       APPELLEES

## OPINION OF THE COURT BY JUSTICE SCHRODER

### VACATING AND REMANDING

The primary question in this case is whether revival or substitution of parties is required by an heir to proceed in a case when the plaintiff in an action litigating title to real property dies prior to final judgment. We adjudge that in this case revival (KRS 395.278) and substitution of parties (CR 25.01) was not required because the case was submitted for judgment prior to the death of the plaintiff. However, we remand for a preliminary determination of whether appellant had standing to proceed in the action after the death of the plaintiff.

In a deed dated November 20, 1989, Clayton Wilson and others conveyed a 33-acre tract of land in Pulaski County to Dewey Jones. On the same date that deed was recorded, November 29, 1989, another deed was recorded in the Pulaski County Clerk's office in which Dewey Jones allegedly conveyed the same tract of land back to

Clayton Wilson. Nine years later, on October 10, 1998, Clayton Wilson died intestate. The administrator of Clayton Wilson's estate thereafter filed a petition in the Pulaski District Court seeking authority to sell the tract of land at issue. On November 1, 1999, the district court entered an order allowing the administrator to sell the property.

On December 1, 1999, Dewey Jones filed an action in the Pulaski Circuit Court against the Estate of Clayton Wilson, seeking to have the 1989 deed that conveyed the property back to Clayton Wilson set aside on grounds that Jones' signature had been forged. The impending sale of the property in district court pursuant to Clayton Wilson's Estate action was then halted. On June 12, 2000, a bench trial was held in the circuit court action.

At the conclusion of the bench trial, the court acknowledged that the evidence was not complete because the parties still had handwriting experts they intended to depose. On January 26, 2001, the Estate of Clayton Wilson filed a motion to submit for judgment, noting that it had not submitted the rebuttal deposition of its handwriting expert because Dewey Jones had never submitted the deposition of his handwriting expert. The lower court entered an order on February 21, 2001, requiring that the parties take the depositions of their respective handwriting experts within 45 days of the order and stating that the action shall stand submitted for judgment upon the filing of those depositions. A hearing for closing arguments was next held on April 6, 2001. During this hearing, the court again acknowledged that the parties had not presented testimony of their intended handwriting experts. Nevertheless, the court proceeded to hear closing arguments on the merits of the case and took the case under submission at that time.

Prior to any ruling in the case, Dewey Jones died on July 16, 2001. On October 15, 2001, the attorney for Jones wrote a letter to Judge Cain seeking a decision in the case. Four days later, Judge Cain advised the attorneys in the case and Jones' daughter, Deborah Theisen (who was also one of the defendants in Jones' action as niece/heir of Clayton Wilson), by letter that the case could not proceed because no motion to revive the action in the name of the Estate of Dewey Jones had been filed. Subsequently, no motion to revive or for substitution of parties was ever filed by Theisen or any other of Dewey Jones' heirs in the action. On October 28, 2002, the court granted the defendants' motion to dismiss with prejudice for failure to revive the action within one year of the death of Dewey Jones pursuant to KRS 395.278. Theisen filed a pro se motion to vacate the order dismissing the case. The motion was denied, and Theisen thereafter filed an appeal individually and as Administratrix of the Estate of Dewey Jones.

Appellees filed a motion to dismiss the appeal on the basis that the Estate of Dewey Jones did not exist. The Court of Appeals granted the motion in part, dismissing Theisen as Administratrix of the Estate of Dewey Jones as a party to the appeal. On August 26, 2005, the Court of Appeals rendered its opinion affirming the dismissal of the action. The court did not reach the question of whether revival of the action by the personal representative of Jones' estate was required under KRS 395.278. The court adjudged that even if the claim survived the death of Jones and passed directly to Theisen as his heir, the complaint was nonetheless properly dismissed for lack of standing due to the failure of Theisen to move to substitute herself as the plaintiff under CR 25.01.

The first issue we shall address on discretionary review is whether Theisen individually had standing to proceed in the action as plaintiff after the death of Dewey Jones. In order to have standing to bring an action, the party "must have a real, direct, present and substantial right or interest in the subject matter of the controversy." Winn v. First Bank of Irvington, 581 S.W.2d 21, 23 (Ky.App. 1978). The party must have a right to relief, as opposed to a mere expectancy of such a right. Id. While Theisen was a defendant in this case as an heir of Clayton Wilson, her standing to proceed as a plaintiff/appellant in this case after the death of her father, Dewey Jones, is unclear from the record before us.

The evidence relative to Theisen's standing is conflicting and undeveloped. It is unclear from the record whether Jones died testate or intestate, whether a personal representative was ever appointed for Jones' estate, and, if Jones died testate, whether Theisen was a named devisee in the will. In one of her pro se pleadings in the case, Theisen refers to herself as "Administratrix of the Estate of Dewey Jones," although in the Court of Appeals it was determined that the Estate of Dewey Jones did not exist. In her pro se motion to vacate, Theisen states that she submitted to the court Jones' will appointing her personal representative of the estate. Counsel for Theisen at oral argument in this Court represented that Jones died testate in Michigan, but was unsure of the status of the estate and whether the will had ever been probated. Theisen's motion to vacate also mentions a deed in which Jones conveyed the subject property to Theisen prior to his death. However, a copy of the deed is not in the record, except as an attachment to Theisen's Reply Brief in the Court of Appeals.

In Norfolk & W. Ry. Co. v. McCoy, 288 Ky. 458, 462, 156 S.W.2d 493, 495 (1941), the Court stated:

4

> The general rule as to survival is that actions whether in contract or tort, survive *to* and *against* the personal representative. Causes of action which may be called real actions, relating to title or possession and use of real property, may ordinarily pass to the surviving heirs. But there are exceptions where there is merely an injury to real property.

Because the action in the present case involved title to real property, it passed directly to Jones' surviving heirs. Thus, we agree with Theisen that if she is an heir pursuant to KRS 391.010, or a devisee of the subject property pursuant to Jones' will, she had standing to proceed with the claim because she has a direct and substantial interest in the property. Also, if Theisen is indeed a grantee of the subject property pursuant to the alleged deed executed prior to Jones' death, she would clearly have a real and substantial interest in the subject property and could proceed in the action pursuant to CR 25.03. Accordingly, we remand to the trial court for a determination of whether Theisen had standing to proceed in the action after Jones' death.

In the event the lower court determines that Theisen had standing to proceed with Jones' claim, in the interest of judicial economy, we shall address the primary issue raised in this case - whether revival (KRS 395.278) and substitution of the parties (CR 25.01) was required. Theisen argues that because the action involved title to real estate and the action passed directly to her as Jones' heir, neither revival nor substitution of parties was required. We adjudge that revival and substitution of parties was not necessary for this case to proceed because the action was submitted to the trial court for judgment before Dewey Jones died.

It is well established that if a party dies after a case has been submitted for ruling, revival is not required unless further steps are to be taken in the case. <u>Duvall v. Duvall</u>, 550 S.W.2d 506 (Ky. 1977); <u>Associated Elec. Co. v. Fitch</u>, 312 Ky. 328, 227

S.W.2d 432 (1950); Murphy v. Blackburn, 229 Ky. 109, 16 S.W.2d 771 (1929); Wallace v. Wallace's Ex'x, 150 Ky. 33, 150 S.W. 13 (1912). The instant case was tried on June 12, 2000, and was submitted for judgment on April 6, 2001, some three months before the death of Dewey Jones. From our review of the record and the hearing on April 6, 2001, there were no further steps to be taken in the case. Accordingly, the trial court erred in dismissing this case for want of revival.

The judgment of the Pulaski Circuit Court is vacated and remanded for proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Terry R. Anderson
2055 Hall Road
Nicholasville, KY 40356


COUNSEL FOR APPELLEES:

D. Bruce Orwin
116 N. Main Street
P.O. Box 716
Somerset, KY 42502-0716