RENDERED: JULY 15, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0988-MR

PENNYMAC LOAN SERVICES, LLC                       APPELLANT

                         APPEAL FROM BULLITT CIRCUIT COURT
v.                         HONORABLE RODNEY BURESS, JUDGE
                         ACTION NO. 19-CI-00899

MARK LYLES; ANNA LYLES; ANNA
LYLES, AS PERSONAL REPRESENTATIVE/
ADMINISTRATRIX FOR THE ESTATE OF
MATTHEW R. LYLES; AND UNKNOWN
DEFENDANTS, WHO ARE THE HEIRS OR
DEVISEES OR LEGATEES OF MATTHEW
R. LYLES AKA MATTHEW LYLES AKA
MATTHEW RHEA LYLES (DECEASED) AND
THEIR SPOUSES AND ANY UNKNOWN
PERSON WHO MAY HAVE AN INTEREST
IN THE PROPERTY WHICH IS THE SUBJECT
OF THIS ACTION: 313 COUNTRY LANE,
LEBANON JUNCTION, KY 40150                    APPELLEES

OPINION
REVERSING, VACATING,
AND REMANDING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE: PennyMac Loan Services, LLC (PennyMac) appeals from orders of the Bullitt Circuit Court dismissing its action against Mark Lyles, Anna Lyles,[1] and the unknown heirs of Matthew Lyles (collectively, the Lyleses). We agree with PennyMac that its reformation and foreclosure claims were not subject to the revival statute because the real property at issue passed to the Lyleses immediately upon Matthew's death, and because the trial court never obtained personal jurisdiction over Matthew prior to his death. For the same reasons, we conclude that the trial court erred by directing PennyMac to release its lien against the subject property. Hence, we reverse the order dismissing, vacate the order directing PennyMac to release the lien, and remand this matter to the trial court for additional proceedings.

The relevant facts of this action are not in dispute. On June 26, 2014, Matthew Lyles (Matthew) executed a note borrowing $131,632.00. The note was secured by a mortgage on real property located at 313 Country Lane, Lebanon Junction, Bullitt County, Kentucky. The mortgage was filed for record with the Bullitt County Clerk in Mortgage Book M1549. The mortgage was subsequently assigned to PennyMac.

---

[1] Anna Lyles appears in her individual capacity and as administratrix of the estate of Matthew Lyles. As discussed below, PennyMac has not asserted any claims against Matthew's estate.

On September 4, 2019, PennyMac filed a complaint alleging that Matthew had defaulted on the note and seeking to foreclose on the real property. The complaint also sought to correct a scrivener's error in the property description in the mortgage. PennyMac attempted to serve Matthew with a summons and the complaint by certified mail and personal delivery. However, the certified mail was returned unclaimed and personal service failed due to Matthew's death on September 16, 2019.

Upon being advised of Matthew's death, PennyMac filed an amended complaint against Matthew's parents, Mark and Anna Lyles, who were Matthew's heirs at law. PennyMac also named any "unknown defendants" who may have an interest in the property. On November 7, 2019, the Lyleses moved for a dismissal under KRS[2] 395.278, arguing that PennyMac failed to revive the action against Anna Lyles in her capacity as personal representative of Matthew's estate. The Lyleses also asked the trial court to release the mortgage. The trial court granted the motions in an order entered on July 21, 2021.

PennyMac raises three issues in this appeal. First, PennyMac argues that it was not required to substitute Matthew's estate as a party because the Lyleses are now the real parties in interest. In a related argument, PennyMac also contends that KRS 395.278 did not require it to revive the action against

---

[2] Kentucky Revised Statutes.

Matthew's estate because Matthew was never served with the original complaint prior to his death. And finally, PennyMac argues that, even if the trial court properly dismissed the complaint, KRS 395.278 did not authorize the trial court to order a release of the lien. Each of these issues involves questions of law, which we review *de novo*. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

The first two issues concern the scope and application of KRS 395.278, which provides as follows:

> An application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of a deceased party.

On the first issue, it is well established that, upon the death of an owner of real property, the title to the property passes directly to the heirs at law or beneficiaries under the will without the need for probate. *Wood v. Wingfield*, 816 S.W.2d 899, 902 (Ky. 1991). Consequently, the heirs at law are the real parties in interest. *Levin v. Ferrer*, 535 S.W.2d 79, 82 (Ky. 1975), and *Slone v. Casey*, 194 S.W.3d 336, 337 (Ky. App. 2006). As a result, revival under KRS 395.278 is not required. *Theisen v. Estate of Wilson*, 226 S.W.3d 59, 61-62 (Ky. 2007).

PennyMac's claim under the note are personal to Matthew. As a result, KRS 395.278 required revival of the action against Matthew's personal representative. However, PennyMac's amended complaint only asserted claims under the mortgage, which passed with the property. Therefore, PennyMac

-4-

properly brought those claims against the Lyleses without naming the personal representative of Matthew's estate.

We also agree with PennyMac that KRS 395.278 was not applicable because Matthew was never served with the summons and complaint prior to his death. The statute anticipates that the trial court had obtained personal jurisdiction over the defendant prior to his death. *Mitchell v. Money*, 602 S.W.2d 687, 688 (Ky. App. 1980). Since Matthew was never served with process, the trial court never obtained personal jurisdiction over him and he was never a party to the action under KRS 395.278. *Mitchell*, 602 S.W.2d at 688-89. *See also Ratliff v. Oney*, 735 S.W.2d 338, 341 (Ky. App. 1987). As a result, we conclude that the trial court erred by dismissing the complaint based upon PennyMac's failure to revive the reformation and foreclosure actions against the personal representative.

Based on these conclusions, PennyMac's third issue is now moot. We would note, however, that if revival had been necessary in this case, then there would have been no real party in interest to seek release of PennyMac's lien. In such a case, the trial court would have lacked jurisdiction to order release of the lien. *Theisen*, 226 S.W.3d at 62. But since PennyMac properly asserted the reformation and foreclosure claims against the Lyleses, we conclude that the trial court had no basis to order PennyMac to release its lien against the subject property.

Accordingly, we reverse the order of the Bullitt Circuit Court dismissing PennyMac's claims against the Lyleses, we vacate the order directing PennyMac to release the lien, and we remand this matter for additional proceedings on the merits of PennyMac's remaining claims.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Palmer G. Vance II
Patrick T. Eavenson
Lexington, Kentucky

BRIEF FOR APPELLEES:

Thomas E. Cooper
Joshua M.P. Cooper
Elizabethtown, Kentucky